## John Gowen *vs.* Charles R. P. Wentworth.

If a negotiable note has been indorsed and transferred, *bona fide,* before its maturity, as collateral security for a demand short of its nominal value, payment afterwards by the maker to the payee cannot be given in evidence in an action thereon against the maker by the indorsee to reduce the amount of the judgment to the sum then actually due to him.

Assumpsit on a note from the defendant to *Ansel Gerrish* for $1500, payable in one year, and indorsed in blank to the plaintiff, *June* 24, 1835, as collateral security to indemnify him as surety for *Gerrish* to the *York Bank.* After the note was proved and read to the jury, the defendant proved by the Cashier of the *York Bank* that the note to that *Bank* had been paid, and that *Gowen* was then under no liability to the *Bank* for *Gerrish,* and that it appeared that *Gowen* had paid to the *Bank* as surety for *Gerrish, May* 1, 1837, $202,97, and no more. The defendant then proved, and offered in evidence, objection having been made thereto by the plaintiff, and having been overruled by Emery J. before whom the trial took place, a receipt from *Gerrish* to the defendant dated *August* 17, 1836, wherein he acknowledged that he had received of the defendant $1250, and all the interest due, to be in-

dorsed on the note. The witness who proved the receipt, on cross examination, stated that the receipt was given at *Gerrish's* house, but nothing was paid by the defendant therefor. He also introduced, with like objection made, a note from *Gerrish* to him, dated the same 17th of *August*, 1836, for $250. The plaintiff then offered to prove and did prove, although the defendant objected thereto, that after the indorsement of the note to him, he became surety for *Gerrish* to the *South Berwick Bank*, about *Aug.* 1835, for $500, and also to the *Rochester Bank*, about *September*, 1836, for the sum of $1000, neither of which sums have yet been paid. The plaintiff proved, that in a conversation had in *April*, 1837, *Gowen* said to *Wentworth*, " you know I told you I had the note, when I sold you my potash and store;" and *Wentworth* replied, " I don't care, I have a receipt." The sale of the potash and store took place *Oct.* 10, 1835.

The counsel for the defendant contended, that the plaintiff ought to recover in this suit only the sum of 202,97, and interest thereon ; but the Judge ruled, that the plaintiff was entitled to recover the whole amount of the note. The defendant then consented to a default, which was to be taken off if the rulings of the Judge against him were erroneous.

*N. D. Appleton*, for the defendant, argued that the plaintiff ought not to recover but enough to secure him for the amount paid to the *Bank*. The note was indorsed to him for that specific purpose, and he can retain for that object alone. The surplus belonged to *Gerrish* and he had a right to release it to the defendant at any time. The plaintiff has paid nothing as surety for *Gerrish* beyond that amount, and if the whole amount of the note was now received by the plaintiff, he would be the trustee of *Gerrish* for the whole balance. There is no difficulty in rendering judgment for the amount justly due, and it avoids circuity of action. *Story on Bailments*, § 304 ; *Jarvis* v. *Rogers*, 15 *Mass. R.* 389 ; 4 *Burr.* 2214 ; 6 *T. R.* 258 ; 7 *East*, 224 ; *Lane* v. *Padelford*, 14 *Maine Rep.* 94 ; *Towne* v. *Jaquith*, 6 *Mass. R.* 46 ; *Stevens* v. *McIntire*, 14 *Maine R.* 14.

*J. Shepley* and *J. T. Paine*, for the plaintiff. The note was indorsed for a sufficient consideration before it fell due, and thereby the entire note became the property of the plaintiff, subject only to

be defeated on indemnifying the plaintiff. The payee had no more right to discharge a portion of the note, than to discharge the whole. The note belonged to another and not to him. Want of consideration could not be set up as a defence to the note or to any part of it, and much less can a voluntary payment after notice, have that effect. *Smith* v. *Hiscock,* 14 *Maine R.* 449; *Bayley on Bills, (Ph. & S. Ed.)* 551, *note* 19; *ib.* 466, *and note* 45; *ib.* 545; *Batchellor* v. *Priest,* 12 *Pick.* 399; *Pomeroy* v. *Smith,* 17 *Pick.* 86. The receipt is but a mere acknowledgment or confession of payment by *Gerrish,* and is inadmissible to prove payment after the note has been negotiated. *Hackett* v. *Martin,* 8 *Greenl.* 77. The receipt is wholly invalid, not being under seal, as the case shows nothing was paid. The note introduced by the defendant is subject to the same objections, and to another sufficient one, that it was not filed in set-off. After the plaintiff had proved the note to have been indorsed to him before it was due, the other testimony offered by him was immaterial. It was however rightly admitted. Evidence that nothing was paid, and that *Gerrish* was insolvent, was proper for the consideration of the jury, to show a fraud upon the plaintiff. The testimony, that the plaintiff afterwards became a surety for *Gerrish* to others, was admissible, to enable the jury to draw the inference, that *Gerrish* agreed that the note should be retained for security generally, and because the law would allow him to retain the note to indemnify him against all loss by becoming surety while the note was in his hands. *Story on Bailments,* § 321.

The opinion of the Court was by

WESTON C. J. — The note in question, having been negotiated to the plaintiff, *bona fide,* before its maturity, as collateral security, he was the holder for value, and as such entitled to be protected from any defence, which might have been available against the indorser, the original payee. *Smith* v. *Hiscock,* 14 *Maine R.* 449. It was not necessary that the defendant, the maker, should have had notice of the transfer. He knew that the note might be negotiated, and he should have taken care to pay only to the holder. There is proof however in the case, tending to show, that the de-

fendant had notice of the fact, that the plaintiff had the note, prior to the date of the receipt, upon which he relies.

Having reference only to the liability, as collateral security for which the note was originally negotiated to the plaintiff, so long as that continued, neither the payee nor the maker had a right to do any thing to impair the value of the pledge. The payee was not entitled to receive any payments, until he reclaimed the note. And the maker was not justified in making payment to him. Notwithstanding the note, pledged as collateral security, was of greater value than the amount of the liability first assumed, the plaintiff has a right to recover and receive in his own name the amount of the note. *Story on Bailments*, § 321. And he is not limited to the sum, for which it was pledged. *Pomeroy* v. *Smith,* 17 *Pick.* 86.

The payment, real or pretended, by the maker to the payee, was in contravention of the rights of the plaintiff, and cannot therefore be received in defence, the amount paid by the plaintiff upon his original liability, not having yet been refunded to him. Until that is done, he has a right to hold the pledge unimpaired. And this sufficiently sustains the ruling of the presiding Judge. It is unnecessary therefore to decide, whether the plaintiff is not entitled to hold the pledge also, on account of further liabilities assumed. *Story* says, § 304, of the work before cited, other debts may be attached to the pledge, if it has been so agreed, expressly or tacitly. He adds, that the mere existence of prior debts, will not justify such a presumption. If the pledge when made, did not embrace such prior debts, it may well be presumed, that they were intended to be excluded. But subsequent debts or liabilities stand upon a different principle. The credit given or liability assumed, may well be understood to have been based upon the security of the pledge. If the plaintiff would not assume the first liability, without security, it is fair to presume, that in such as he subsequently took upon himself, he depended on the same security, still remaining in his hands.

*Judgment for plaintiff.*