## RICHMOND LINDSAY & others *vs.* AMOS F. CHASE.

If the payee of a promissory note indorses it in blank, and delivers it, before maturity, as collateral security, to his creditor, who transfers it, overdue, to a third person, the latter, while the debt which it was pledged to secure remains unpaid, may maintain an action on the note against the maker.

CONTRACT, by Richmond Lindsay, William H. Young and Henry P. Rich, partners under the firm of Lindsay, Young & Company, on a promissory note made by the defendant March 18, 1868, payable in six months to the order of Henry E. Carlton, and by him indorsed in blank. Writ dated September 30, 1868.

At the trial in the superior court, before *Lord*, J., the making of the note by the defendant was proved; and it appeared that on May 30, 1868, Carlton indorsed it in blank to the firm of Kimball, Lindsay & Company, (of which the plaintiff Lindsay was a member,) as collateral security for a debt of Carlton to that firm; that it matured in the hands of Kimball, Lindsay & Company, without the debt of Carlton to them being paid; that on the day next after the note matured the firm of Kimball, Lindsay & Company was dissolved, and Lindsay, with his co-plaintiffs, formed the new firm of Lindsay, Young & Company, "to which new firm the note passed;" and that the debt of Carlton, which the note was pledged to secure, remained unpaid.

The judge refused a request of the defendant for a ruling that the evidence would not sustain the action, and directed a verdict for the plaintiffs. The defendant alleged exceptions.

*N. C. Berry*, for the defendant.

*S. J. Thomas*, for the plaintiffs.

BY THE COURT. Carlton, the payee of the note in suit, indorsed it in blank and delivered it to Kimball, Lindsay & Company. They could then maintain an action against the defendant, as indorsees. When they dissolved, and Lindsay, with the other coplaintiffs, formed a new firm and took the note, they became the indorsees, they being the owners and holders, and the indorsement being still in blank. The instructions were correct. *Exceptions overruled.*