No. 2195.—SMITH, NEWMAN & Co. *v.* J. M. ISAACS et als.

The holder of a promissory note who has acquired possession of the same before maturity as collateral security for the payment of a pre-existing debt, has the right to sue for and recover the whole amount thereof, notwithstanding the equities that may exist between the maker and the original payee. In such a case the person holding the note as collateral security is placed upon the same footing as that of any other innocent third holder of negotiable paper before maturity.

APPEAL from the Seventh District Court, parish of Orleans. *Collens*, J. Gibson & Austin, for plaintiffs and appellees. *D. C. Labatt*, for defendants and appellants.

WYLY, J. Isaacs, the maker, and A. A. Nevins and Forstall & De Lassus, the indorsers, have appealed from a judgment against them on the promissory note sued on by the plaintiffs.

The plaintiffs received the note before maturity from the payee, A. A. Nevins, as collateral security for a pre-existing debt due them by him, and it is shown that Nevins is still indebted to them in a sum exceeding the amount of the note.

They have the right to sue for and recover the whole amount of the note, and are not bound by the equities existing between Isaacs, the maker, and Nevins, the payee. See the Succession of Dolhonde, 21 An. 3, and the authorities there cited.

The plaintiffs are not conditional holders as contended for by the defendant, Isaacs, nor were they bound to credit the debt due them by Nevins with the amount of the note in order to be considered holders before maturity for value and to avoid the equities existing

Smith, Newman & Co. v. Isaacs et als.

between the original parties. A pawnee before maturity for a pre-existing debt is a holder for a valuable consideration in the sense of the rule applicable to negotiable instruments, and in a suit to collect the note pledged, he is not bound by the equities existing between the maker and payee. Had the plaintiffs credited Nevins with the amount of the note, they would have become the absolute owners of the instrument. But not doing so and holding it as collateral security, they are the pawnees. In either case the holders for a valuable con-sideration before maturity are not bound by the equities existing between the original parties.

As to the indorsers, we think, from the evidence, that they were duly notified of the dishonor of the note, and their liability is fixed.

It is therefore ordered that the judgment appealed from be affirmed, with costs.