KENT K. HAYDEN, TRUSTEE, APPELLEE, V. LINCOLN CITY ELECTRIC RAILWAY COMPANY, APPELLEE, IMPLEADED WITH WESTINGHOUSE ELECTRIC & MANUFACTURING COMPANY ET AL., APPELLANTS.

FILED FEBRUARY 5, 1895. No. 5794.

1. **Collateral Security:** BONA FIDE HOLDERS. One who receives as collateral security to a loan contemporaneously made

negotiable bonds not yet mature, without knowledge of any defense to such bonds, is entitled to protection as a purchaser thereof to the extent of the amount of such loan.

2. **Corporations:** AUTHORITY TO EXECUTE MORTGAGE: EVIDENCE. Where there was contained in a mortgage a copy of resolutions described as having been adopted by the board of directors of the mortgagor, a corporation, from which resolutions it appeared that said board had, as required, authorized the making of such mortgage, no further proof was necessary to a *prima facie* showing of authorization by the board of directors.

3. **Decree Entered by Consent:** REVIEW. A party who has consented to a decree of foreclosure and a sale thereunder cannot be heard on appeal to question the correctness of the decree in so far as it was authorized by his own stipulation.

APPEAL from the district court of Lancaster county. Heard below before FIELD, J.

See opinion for statement of the case.

*Ricketts & Wilson, C. O. Whedon,* and *F. A. Boehmer,* for appellants:

The burden of showing the proper execution of the bonds is upon the plaintiff. (*Donovan v. Fowler,* 17 Neb., 247.)

The officers of the company had no power whatever to mortgage its property to secure its indebtedness in the way it was done, neither at the time of making the debt nor subsequently thereto, nor to deposit the bonds as collateral security. (*Tippetts v. Walker,* 4 Mass., 597*; *Emerson v. Providence Hat Mfg. Co.,* 12 Mass., 237; *Hallowell & Augusta Bank v. Hamlin,* 14 Mass., 180; *Hartford Bank v. Barry,* 17 Mass., 97; *Adriance v. Roome,* 52 Barb. [N. Y.], 399; *Harwood v. Humes,* 9 Ala., 659; *Crump v. United States Mining Co.,* 7 Gratt. [Va.] 352; *Despatch Line of Packets v. Bellamy Mfg. Co.,* 12 N. H., 205; *Whitwell v. Warner,* 20 Vt., 446; *People v. Commissioners of Buffalo County,* 4 Neb., 161; *Mills v. Murry,* 1 Neb., 327; *Hoagland v. Van Etten,* 22 Neb., 684; *Eng-*

*land v. Dearborn*, 141 Mass., 590; *Titus v. Cairo & F. R. Co.*, 37 N. J. Law, 98; *Stokes v. New Jersey Pottery Co.*, 46 N. J. Law, 237; *Walworth County Bank v. Farmers Loan & Trust Co.*, 14 Wis., 352.)

*John H. Ames, contra:*

There is nothing in the record to indicate that the bonds were issued in violation of the resolution adopted by the board of directors of the corporation. The presumption is to the contrary. The bonds cannot be impeached in the hands of a *bona fide* holder. (*Hackensack Water Co. v. De Kay*, 36 N. J. Eq., 558, and cases cited; Jones, Corporate Bonds & Mortgages, secs. 24, 174.)

RYAN, C.

This action was brought in the district court of Lancaster county by Kent K. Hayden, as trustee, against the Lincoln City Electric Railway Company alone, for the foreclosure of a mortgage made by said company on all its property to said trustee to secure payment of its 150 bonds of the denomination of $1,000 each. These bonds were payable to bearer, and by virtue of their own provisions were to pass by delivery, unless the ownership should be registered on the books of the trustee, in which case bonds so registered could only be transferred upon said books when there was a registration to bearer. As the trustee testified that there was no registration showing the ownership of any of the bonds, the provision as to registration is of no importance. While this cause was pending in the district court aforesaid several creditors of the original defendant, upon application made for that purpose, were permitted to be made parties defendant. The briefs submitted for appellants are for these intervenors alone, and we shall therefore confine our attention to the several propositions thus presented in argument. The decree rendered found due to certain holders of bonds the amounts thereby evi-

denced as due them respectively and ordered that payments should first be made of these out of the proceeds of the sale directed. The rights of the intervenors, who are appellants in this court, were decreed subject to the rights of the bondholders represented by the trustee, Mr. Hayden.

It is urged by appellants that the mortgage was never authorized by the board of directors. In the answer of the Lincoln City Electric Railway Company there was contained an admission that this mortgage was duly issued, and in the mortgage itself was contained a copy of resolutions of the railway company's board of directors which clearly show the authority questioned. This was sufficient to establish *prima facie* the authority required. Appellants contend that as the evidence showed without question that certain of the bonds were held merely as collateral security, the holders thereof could not be treated as purchasers and that therefore they had no right to recognition by the district court. In *Helmer v. Commercial Bank*, 28 Neb., 474, it was held that one to whom, without notice of a defense, was transferred a negotiable promissory note before due as collateral security for a loan then made was entitled to be treated as a purchaser, at least to the extent of the loan. In the decree the rights of holders of collaterals were limited to the amount for which the bonds in each instance stood as security. Each holder of collaterals was thus treated as a purchaser to the extent of the credit extended on the faith of the collaterals in accordance with the holding of this court in the case of *Helmer v. Commercial Bank, supra.*

As to those appellants who stipulated that a decree of foreclosure should be entered and the mortgaged property sold thereunder, it is proper to say that they cannot now be heard to question such foreclosure. Among these parties consenting were John Fotsch and the German National Bank, by the latter of whom the most persistent attacks have been made upon the entire relief granted. As the mortgage was made with full authority by the president

and secretary of the mortgagor and was filed for record
before the rights of any of the appellants had their origin,
the liens of the appellants were properly held inferior
thereto.   The judgment of the district court is

AFFIRMED.