CREWDSON v. SHULTZ.

(Circuit Court of Appeals, Ninth Circuit. December 2, 1918.)

No. 3176.

1. JUDGMENT ☞725(6)—RES JUDICATA—MATTERS CONCLUDED.
    The judgment in an action to recover past-due interest on a note not matured *held* conclusive between the parties in a subsequent action to recover the principal in so far as the issues were in substance identical.

2. BILLS AND NOTES ☞357—ACTION BY PLEDGEE—EXTENT OF RECOVERY.
    Under Rem. Code Wash. 1915, § 3418, providing that, where the holder of a negotiable instrument has a lien thereon, he shall be deemed a holder for value to the extent of his lien, as construed by the Supreme Court of the state, in an action on a note by a pledgee, where there is a question as to the right of the maker to recover thereon, the recovery should be limited to the interest of the plaintiff.

Appeal from the District Court of the United States for the Northern Division of the Eastern District of Washington; Frank H. Rudkin, Judge.

Action by Frank W. Shultz against Charles N. Crewdson and another. Judgment for plaintiff, and defendant Crewdson brings error. Modified and affirmed.

Shultz, appellee, brought action against Crewdson, appellant, and one Outcault, to recover principal, $5,000, and interest from August 10, 1915, at 6 per cent. per annum upon a promissory note made by them at Spokane, Wash., on August 10, 1912, to the order of J. B. Valentine, due five years after date, and before maturity indorsed and delivered by Valentine to Shultz. Crewdson answered, admitting indorsement, but denying delivery to Shultz, or that Shultz was the owner, admitting that no part of the principal or interest had been paid, except interest due to August 10, 1915, and denying any indebtedness to Shultz. He also pleaded three affirmative defenses: (1) That Shultz was not a bona fide holder for value before maturity. (2) That plaintiff took the note with full knowledge of these infirmities: (a) That the note was given for land purchased by defendants from Valentine "upon representations which were false and untrue, and known by said Valentine to be false and untrue, and by reason of which there was a failure of consideration for said note, and that said Valentine could not collect the same"; (b) that Shultz took the note to shield Valentine and aid him in collection, knowing that Valentine could not maintain action against defendants; (c) that Shultz brought this action, not as the real owner and holder of the note, but solely to enforce payment upon the obligation, which could not be enforced by Valentine; (d) that he has refused to make Valentine a party to the action, because he is carrying it on for Valentine, and not for himself; (e) that he knew that Valentine was solvent and able to pay. (3) That as Shultz claimed the note was given as collateral to secure a debt of Valentine to Shultz, defendant alleges the note belonged to Valentine; but that, if Shultz claims still to have a debt due to him by Valentine, then defendant asks the court to order that Valentine be made a party, and that

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes.

before any judgment may be rendered against defendant the amount of the debt from Valentine to Shultz, and for which the note may be security, be determined, and that until such ascertainment the proceeding be stayed as against defendant.

To this answer Shultz replied, denying the allegations of the first, second, and third affirmative defenses, and also pleaded as follows: That in 1915 Shultz brought an action in the state court to recover interest upon the note involved up to August 10, 1915; that in such action Crewdson appeared and answered as set forth in an exhibit made part of the replication herein; that Shultz replied to this answer as set forth in an exhibit to the replication; that trial was had upon the issues formed by the pleadings, and judgment rendered in favor of Shultz; that on appeal to the Supreme Court of the state the judgment was affirmed; that all the defenses set forth in the defendant's answer in this case were in the case in the state court; that the parties herein were the identical ones involved in the suit in the state court, and that the action is upon the same promissory note. Shultz also avers that he holds the note described as collateral security for five promissory notes made by Valentine to Shultz on August 1, 1913, aggregating $4,825, with interest from date, upon which there had been paid as interest $990, and no more, and that the plaintiff acquired the note sued on in good faith, without notice of infirmity, or of any of the defenses set forth by the defendant in his answer in this case.

The answer (made an exhibit in the replication) filed by Crewdson in the state court was as follows: He denied on information and belief that he and Outcault, for a valuable consideration, made the note in writing as set out in the complaint; admitted that by the terms of the note defendants agreed to pay interest at 6 per cent., payable annually, and that they had failed to make the payments, except $60 paid October 1, 1913; denied that the note was assigned and delivered and pledged to Shultz for value about March 26, 1914, and that Shultz was the owner thereof; and admitted that he had refused to pay interest. He then set forth that Shultz became the holder of a note as collateral security to an obligation owing from Valentine, the payee of the note, and that Shultz has made no effort to collect the original obligation, although Valentine was then able to pay any judgment which might be secured; avers that, when Shultz secured the note, it was on the express understanding with Valentine, and with the makers of the note, that the security would not be resorted to until the plaintiff had exhausted his rights as against Valentine; that therefore Shultz should be estopped from proceeding further until steps were had to secure the payment of the obligation of Valentine. He also set up that Valentine should be made a party, and the rights of all parties determined, in order that suitable judgment might be entered, and that the court should require Shultz first to establish his claim against Valentine; that Shultz, when he came into the possession of the note, knew of the facts and circumstances under which the note was given to Valentine, and that the note was procured by Valentine under "false and fraudulent representations as to the value of the property for which, as part consideration, said note was given," and that defendant had a complete defense to the note and was not liable thereon, and that therefore Shultz was not a bona fide holder for value before maturity; that Shultz and Valentine were intimate, and that Shultz knew of the relations between Valentine and Crewdson and was familiar with the fact that Crewdson has claims against Valentine which are offsets and counterclaims to the obligation in question, and that Shultz knew of these offsets when he received the note; that Shultz and Valentine made an agreement whereby Valentine was to transfer the note to Shultz as collateral security, and for the purpose of having it appear as if Shultz had become a bona fide holder for value, and in order that Crewdson should not be able to interpose the defenses now interposed as against any liability to a claim by Valentine against Crewdson; and that such agreement was made for the purpose of depriving Crewdson of his rights against Valentine, and to assist Valentine in his efforts to defeat Crewdson in the collection of his just claim against Valentine. The replication to the answer filed in the state court admitted that Shultz became the holder of the note as collateral security to an obligation owing from Valen-

tine, admitted that Shultz was friendly with Valentine, and denied every other allegation made in the answer.

Upon these pleadings the present action came to trial before a jury. Counsel then stipulated that the facts pleaded in plaintiff's affirmative reply were true and correct, whereupon the court granted plaintiff's (Shultz's) motion for a verdict for the full amount prayed for, and upon direction the jury returned a verdict in favor of Shultz against Crewdson for $6,393.75, and judgment was entered accordingly.

Samuel R. Stern, of Spokane, Wash., for appellant.

Hamblen & Gilbert, of Spokane, Wash., for appellee.

Before GILBERT and HUNT, Circuit Judges, and WOLVERTON, District Judge.

HUNT, Circuit Judge (after stating the facts as above). [1] By the principle of estoppel as laid down by the authorities our opinion is that the former judgment rendered in the action between the same parties who are now at issue in this case, and which is set forth in the reply of the defendant in error herein, is conclusive against Crewdson upon the issue of Shultz being a bona fide holder for value.

In the former action Shultz described the same note as that now sued upon. It is true the first action was brought to recover only interest due up to the time of bringing suit, and that the principal sum was not then due; but the defenses went to the integrity of the note, for Crewdson set up that Shultz was not a holder of the note for value and before maturity; that the note was procured by Valentine under false and fraudulent representations as to the value of the property for which as part consideration the note was given; that the note was taken to shield Valentine and aid him in the collection thereof; that Shultz was not the real owner of the note; that Shultz had refused to make Valentine a party to the action; that Valentine could respond to any judgment; and that the plaintiff should first be required to exhaust his possible rights as against Valentine.

The fact that Shultz brought this action for the principal of the note and such interest as has accrued since the former action was instituted does not improve the position of the maker Crewdson. His grounds of defense to the former suit for interest having been identical in substance with those he has pleaded herein, the conclusions of the state court which tried the issues must be accepted as controlling between the parties. Wilson v. Deen, 121 U. S. 525, 7 Sup. Ct. 1004, 30 L. Ed. 980; Black River Bank v. Edwards, 10 Gray (Mass.) 387; Lumber Co. v. Buchtel, 101 U. S. 638, 25 L. Ed. 1073; Edgell v. Sigerson, 26 Mo. 583; Cleveland v. Creviston, 93 Ind. 31, 47 Am. Rep. 367.

It is argued that, in the present action for the principal, defenses might be interposed which could not have been available in the first suit upon the interest; as, for example, that, after the institution of the former action for interest, litigation was pending between the appellee herein and the payee of the note, Valentine, wherein Shultz sought to recover from Valentine a debt of only $2,500, without setting up any indebtedness upon the note herein involved. Just how the doctrine of res judicata might apply to such a state of supplementary facts is not necessary for decision, for here, of the defenses plead-

ed, none is sufficient to deprive Shultz of the benefit of having been adjudged a bona fide holder for value, at least to the extent of his lien. Shultz v. Crewdson, 95 Wash. 266, 163 Pac. 734.

[2] This further question then arises: Was it error to award judgment for the full amount of the note which is admitted to be more than the amount of the debt due by Valentine to Shultz, to secure which the note in question was given as collateral security?

Many decisions hold that, where a note is held as collateral security for a debt and the holder is held entitled to recover, he is limited to the amount of the debt which the collateral secures, where there is a valid defense against the transferer of the note. In such case the holder is a bona fide holder, entitled to stand on a better footing, only pro tanto; but if there be no defense to the collateral note the holder may recover the full amount and become a trustee for the balance over what is due to him. Daniel, § 832a, and the cases cited.

On the other hand, there are decisions which permit of full recovery by the holder, notwithstanding equities as between maker and payee. Gowen v. Wentworth, 17 Me. 66; Smith v. Isaacs, 23 La. Ann. 454; Tooke v. Newman, 75 Ill. 215; Gold Glen Milling & Tunneling Co. v. Dennis, 21 Colo. App. 284, 121 Pac. 677.

But as applicable to the present case discussion of general doctrines need not be had, because in Washington a positive statute (section 27 of the Negotiable Instrument Act [Rem. Code 1915, § 3418]), declares that, "where the holder has a lien on the instrument arising either from contract or by implication of law, he is deemed a holder for value to the extent of his lien," and because the Supreme Court of the state has construed the statute, and held that one who for value has taken a note as collateral is a holder for value "only" to the extent of the lien arising from the contract. Citizens' Bank & Trust Co. v. Limpright, 93 Wash. 361, 160 Pac. 1046. In that case the court, in reversing a judgment which dismissed a bill for the whole amount of a note taken as collateral, directed a judgment for the amount of the sum remaining due to the holder, together with interest.

Whether the defendant here may have any defense in a direct action against him by Valentine, the payee, for any surplus, is not a vital issue herein. We agree that his averments of fraud are merely conclusions, and wholly insufficient to create an issue. But as the decision of the Supreme Court in Shultz v. Crewdson, supra, was that Valentine was neither a necessary nor a proper party to the action for interest, and as the maker, Crewdson, was not permitted to implead Valentine in the present action, it seems but a just application of the statute that the holder should be limited in his recovery to what is justly due to him upon the note held as collateral, and that any controversy over any further sum should be determined as between Valentine and Crewdson.

Our conclusion is that the construction of the state statute by the Supreme Court of Washington is reasonable and just, and that under it the District Court should have limited the amount of the judgment in favor of Shultz to the amount of debt due to him by Valentine, payee of the note, together with lawful interest.

The judgment of the District Court will therefore be modified to conform with this opinion, and, when so modified, it will be affirmed, with costs in favor of appellant.