*Mem.* — One case in this county, argued in 1847, and decided in 1848, was published in the last volume.

### Josiah Myrick *versus* Andrew W. Hasey.

Although a contract of guaranty of payment of an existing negotiable note is not negotiable, yet the note itself may be negotiated by the same instrument which creates the guaranty.

Where a note was made payable to R. D. H. or order, it was held, that these words, "I hereby guaranty the payment of the within note. R. D. H." written by the payee upon the back of the note, operated as a sufficient indorsement thereof.

The defendant, being the maker of a negotiable note, will not be permitted to prove usury by his own oath in defence, where the suit is brought by an indorsee.

Where a statute has received a judicial construction, and is afterwards re-enacted in the same terms, it is to be understood, that the legislature have adopted the construction given to it.

Assumpsit by the plaintiff as indorsee against the defendant as maker of a note, of which a copy follows : —

"$40,00. Bangor, Oct. 7, 1837. For value received of R. D. Hill, I promise to pay him or order, forty dollars on demand and interest. A. W. Hasey."

There was also a count in the writ, which was dated Aug. 3, 1843, for money had and received.

On May 13, 1843, Hill, the payee, was indebted to the plaintiff, and the plaintiff's agent took the note in suit in part payment, Hill expressly agreeing to guaranty the payment of it. The note was received by the agent of the plaintiff with the following indorsement thereon. " May 13, 1843. I hereby guaranty the payment of the within note. R. D. Hill."

On leave to amend in the District Court, the defendant ob- jecting, the plaintiff changed the writing over the signature of Hill, so that it read as follows. " May 13, 1843. Pay the within to Josiah Myrick ; and I hereby guaranty the payment of the within note, for value received. R. D. Hill."

The defence set up was, that the note was originally given entirely for usurious interest, and had not been indorsed to the plaintiff ; but it was admitted, that at the time of the transfer to the plaintiff, neither he nor his agent had any knowledge, that the consideration was alleged to have been usurious. The parties submitted the case to the decision of the Court under the following agreement, made in the District Court, upon a statement of facts in writing.

If the Court should be of opinion, that the plaintiff had no right to bring said action in his own name as indorsee, the plaintiff is to become nonsuit. If the Court should be of opinion, that the plaintiff might bring said action in his own name by virtue of the original writing, indorsed on said note and signed by said Hill, then the defendant is to be defaulted ; unless the Court should further be of opinion, that the defendant ought to be permitted to prove the original contract usurious by his own oath, in which case the action is to be opened for a hearing upon that point.

*J. S. Abbott,* for the plaintiff, said, that although he had been unable to discover any defence, yet two points had been heretofore made by the counsel for the defendant.

The first is, that the note was not properly negotiated, so that the plaintiff could maintain an action upon it in his own name.

Although a guaranty is not negotiable, a negotiable note may be negotiated by a writing, which itself would be a guaranty, and as such not negotiable.  *Upham* v. *Prince*, 12 Mass. R. 14.  And the indorsement was properly filled up, being conformable to the facts.

The second objection by the defendant to our recovery is, that he should be permitted to show usury in the contract by his own oath.

The Rev. Stat. c. 69, the stat. 1821, c. 19, and Mass. stat. 1783, c. 55, as to proving usury in this mode, are the same. The latter statute had received a judicial construction long before either of our statutes were enacted.  In such case our Court feels bound by that construction.  *Putnam* v. *Churchill*, 4 Mass. R. 516;  *Binney* v. *Merchant*, 6 Mass. R. 190 ; *Knights* v. *Putnam*, 3 Pick. 184.

*E. Everett*, for the defendant, argued in support of these objections to the right of the plaintiff to maintain the suit.

The writing originally signed by Hill is a mere guaranty, a contract complete in itself, of a specific character, and not negotiable, and having in it no virtue or effect to negotiate the note.

The case of *Canfield* v. *Vaughan*, 8 Martin, (Louisiana Rep.) 695, was cited as directly in point.  Also, *True* v. *Fuller*, 21 Pick. 140;  Bayley on Bills, 110, 411, 412;  *Taylor* v. *Binney*, 7 Mass. R. 479;  *Lamorieux* v. *Hewitt*, 5 Wend. 307 ;  *Springer* v. *Hutchinson*, 19 Maine R. 359.  Comments were made on these cases, and it was insisted, that on authority, as well as upon principle, the action could not be sustained by the plaintiff as indorsee of the note.

As this note was not negotiated until long after it was due, and not until just before it would have been barred by the statute of limitations, if it ever has been negotiated, the defendant is entitled to make the same defence, as if the note had remained in the hands of the payee.  *Gold* v. *Eddy*, 1 Mass. R. 1 ; *Ayer* v. *Hutchins*, 4 Mass. R. 370.  If then the action can be maintained in the name of the present plaintiff, the same defence is open, as if brought by the payee.

The plaintiff claims the right to prove usury by tendering his oath for that purpose, under Rev. Stat. c. 69, § 3. The only exception to the privilege in the statute is, where the creditor is not alive. The aspect of the law of Massachusetts, to which the construction was given, is very different from the present law of Maine. The former is highly penal, involving the forfeiture of the whole debt and costs, and has always for some reason or other, been in bad odor with the Court. The present law in this State is remedial, and but very slightly penal. Under the former statute the trial was before the court, and required an anomalous form of pleading; but the usury act of Maine admits the debtor to his oath under the general issue. There seems to be no reason now left why the Court should not give full effect to the principles laid down in *Gold* v. *Eddy*, and in *Ayer* v. *Hutchins*. The authorities cited for the plaintiff were under the old law of Massachusetts, and ought not to have any influence at the present time under a law so widely different.

*Abbott*, for the plaintiff, in reply, said, that in every one of the cases cited for the defendant, not sustained, the suit was brought on the guaranty by one not a party to it. They show merely, that the contract of guaranty is not negotiable. They do not assert that the same writing containing the guaranty does not also operate as an indorsement of the note. He commented upon the cases cited, and contended that his view of the cases was the correct one.

The opinion of the Court was drawn up by

TENNEY J. — The defendant made his note to R. D. Hill or order, on Oct. 7, 1837, on demand and interest. The plaintiff's agent, on the 13th day of May, 1843, settled a claim of the plaintiff against the payee, and received the note in part payment with the following agreement on the back: — May 13, 1843. "I hereby guaranty the payment of the within note. R. D. Hill," At the trial of the action the plaintiff was permitted by the Court, against the objection of the defendant, to alter the indorsement, so that it now reads, "May 13, 1843.

*Pay the within to Josiah Myrick, and* I hereby guaranty the payment of the within note, *for value received.* R. D. Hill."

The defendant denies that the note was ever transferred, so that an action can be maintained in the name of the plaintiff; and insists, that as the name of the payee was placed to an agreement, which was perfect in itself, it can have no other effect than that, which its terms import, therein differing from an indorsement in blank.

A blank indorsement is sufficient of itself to transfer the right of action to any *bone fide* holder. Chitty on Bills, chap. 6, page 255. The additional words permitted by the Court, would in no respect change the rights of parties. If the note had not been transferred before the alteration, it was not so afterwards. Several cases are relied upon by the defendant in support of the position taken.

The case of *Taylor* v. *Binney,* 7 Mass. R. 479, was where one Fales made his note to the defendant or order, dated April 21, 1805, payable in six months, on the back of which was the following: — " Dec. 13, 1805. I guaranty the payment of the within note in eighteen months, provided it cannot be collected of the promiser before the time," signed by the defendant. The plaintiff was not the party to the guaranty or assignment, when it was made; and no evidence was in the case of any subsequent privity or assent between him and the defendant. The question whether an action could have been sustained in the name of the party, to whom the guaranty was made, against the maker of the note, did not and could not arise. The Court say, however, " If this indorsement, in the whole tenor of it, may be construed to be not only a guaranty, but also a transfer and assignment of the note, which seems to have been the intention, and understanding of the parties; the principal objection to the title of the plaintiff remains in force." The Court held the guaranty not negotiable, and therefore the action not maintainable.

In *True* v. *Fuller,* 21 Pick. 140, three notes were given by Bryan Morse to Elisha Fuller, secured by mortgage of real estate — the payee indorsed the notes in blank, and on the same

the defendant signed the following, — "I guaranty the payment of semi-annual interest on this note as well as the principal." The action was not in the name of the person, to whom the guaranty was made. The Court held, that "the guaranty was not negotiable in itself, and could not be altered either by striking out words, so as to convert it into a general indorsement, or by filling up as in case of a blank indorsement. In the latter case an indorser, by leaving a blank over his name, tacitly agrees, that any subsequent lawful holder may insert suitable words, to render him liable in the same manner and to the same extent implied by his indorsement and the usages of business." Here the paper was negotiated and transferred by the indorsement of the payee, and the only question was, whether the guaranty of a stranger to the note in its inception was negotiable. The case of *Lamourieux, in error*, v. *Hewitt*, 5 Wendell, 307, was similar to the one last cited. The note was given by P. Williamson to S. Beecher or bearer, and while it was owned by one Tuttle, previous to its becoming due, the plaintiff in error indorsed on it the following, —"I warrant the collection of the within note for value received," and signed his name to the same. The Court held the guaranty not negotiable. The note itself being the property of the holder, and payable to Williamson *or bearer*, the decision would be no impediment to the successful prosecution of a suit against the maker.

In *Canfield* v. *Vaughan & al.* 8 Martin, 695, no such question as the one under consideration was presented for decision. But the case contains a dictum which supports the ground taken by the defendant. It is the opinion of a great Judge, and so far is entitled to consideration.

The question does not seem to have been distinctly raised in those cases, when the subject of the negotiability of guaranties, on bills of exchange and promissory notes, has been discussed, whether the contract, which was full and perfect in itself upon a note, and not containing words of transfer, did or did not have the effect to transfer it. But there are many cases, where the Court seem to consider it as a matter not admitting a doubt that the note or bill was transferred.

In *Blakely* v. *Grant*, 6 Mass. R. 386, the plaintiff, as indorsee of the payee, brought an action on a foreign bill of exchange against the defendant as drawer. The bill was on Johnson Grant & Son, payable to Dominique Lajus, and on the back was the following indorsement, "should the within exchange not be accepted and paid agreeably to its contents, I hereby engage to pay the holder, in addition to the principal, twenty per cent. damages." Signed, Dominique Lajus. Parsons C. J., in delivering the opinion of the Court, says, "as the payee, if he made the indorsement, expressly promises to pay the holder twenty per cent. damage, besides the principal, if the bill should be dishonored, we are satisfied that the indorsement is evidence of a transfer of the bill without naming the indorsee; and in this respect the indorsement may be considered as general, and a *bona fide* holder may fill it up, by inserting above the express stipulation a direction to pay the contents to his order for value received." The same principle is found in that of *Upham* v. *Prince*, 12 Mass. R. 14. A note dated March 23, 1809, made to the payee or order on demand, was delivered to one Faulkner, indorsed thus, " Boston, March 25, 1809. I guaranty the payment of this note within six months. Andrew H. Prince." Faulkner transferred the same as collateral security for a *bona fide* debt. The action was against the payee as indorser of the note. The Court say, the defendant's engagement amounts to a promise, that the note should at all events be paid within six months. Now this promise may not be assignable in law; and yet the note itself may be assignable to the party to whom it was so transferred, so that upon non-payment of it by the promiser, the holder would have a right of action against Prince as indorser."

Judge Story, in view of all these cases, remarks, " an indorsement by the payee, or other lawful holder, may enlarge his responsibility beyond that ordinarily created by law, without in any manner restraining the negotiability of the bill." " An indorser may absolutely guaranty the payment of the bill in all events, and dispense with demand or notice." In such case there is no reason to infer, that the indorser means to re-

strain the further negotiability of the bill, even if he does mean to restrain the effect of the guaranty to his immediate indorsee. And if the indorsement is either without the name of any person, to whom it is indorsed, but a blank is left for the name, or if the bill is indorsed to a person or his order, or to the bearer, with such a guaranty, there is certainly strong reason to contend that he means to give the benefit of the guaranty to every subsequent holder, and at all events such a holder has a right to hold him as indorser of the bill, as he has left its negotiability unrestrained." Story on Bills, § 215. The author's references are to cases, where there was no other indorsement of the name of the party, than that affixed to the guaranty. In reference to the case of *Upham* v. *Prince*, he remarks in a note to the section referred to, " this last decision seems to me to contain the true doctrine, and it is not easy to perceive what reasonable objection lies to it. The indorsement amounts in legal effect to an agreement to be bound as indorser for six months, and that a demand need not be made upon the maker of the note for payment at an earlier period. It is therefore a mere waiver of the ordinary rule of law as to reasonable demand and notice upon notes payable on demand."

The right to sustain this action in the name of the plaintiff, the *bona fide* holder of the note, against the maker, is fully supported by the authorities of Massachusetts, while we were a part of that state, and since the separation, and by all the authorities, which have been examined, excepting by the *dictum* of the court of Louisiana, which, notwithstanding its high character, is by no means sufficient to overbalance all which exists against it.

2. By the agreement of the parties, if the Court should be of the opinion, that the defendant is entitled to prove the note usurious by his own oath, the action is to be opened for a hearing upon that point as the Court shall order.

The statute of 1783, chap. 55, sect. 2, was the subject of judicial construction, and held to mean, that " the statute contemplates causes only, where the original contracting parties are also parties to the suit." *Putnam* v. *Churchill*, 4 Mass. R. 516; *Binney* v. *Merchant*, 6 ibid. 190.

The language of the statute of 1834, chap. 122, § 3, and Rev. Stat. c. 69, § 3, is substantially the same so far as it relates to the right of the parties to tender and take their oaths respectively. When a statute has received a judicial construction of the Court of the State where it was in force, and the same statute has been re-enacted with the same provision, which has been the subject of judicial discussion and decision, the legislature are understood to have adopted the construction given. *Rutland* v. *Mendon,* 1 Pick. 154.

By agreement of the parties the defendant is to be defaulted.