# WHEELING.

## ADAMSON v. PEERCE et al.

Submitted June 16, 1882—Decided July 8, 1882.

*(HAYMOND, JUDGE, Absent.)

1.  All judgments, where there has been no appearance by the defendant, are judgments by default within the meaning of section 5 of chapter 134 of the Code of 1868.   (p. 61.)

2.  If a party under said Code in such a case took an appeal from a

*Related to one of the parties.

judgment rendered without appearance of defendant, before applying to the court, which rendered it, or the judge thereof, to correct the errors of which he complains, his appeal will be dismissed as being improvidently taken.  (p. 61.)

Appeal from and *supersedeas* to a judgment of the circuit court of the county of Preston, rendered on the 19th day of June, 1869, in an action in said court then pending, wherein William Adamson was plaintiff, and John T. Peerce and others were defendants, allowed upon the petition of said Peerce and Fairfax.

Hon. John A. Dille, special judge, rendered the judgment complained of.

The facts of the case are fully stated in the opinion of the Court.

*Robert White* and *C. C. Boggess*, for appellant.

*Berkshire & Sturgiss*, for appellee.

JOHNSON, PRESIDENT, announced the opinion of the Court:

On the 19th day of July, 1869, the circuit court of Preston county rendered a judgment against the "defendants," not naming them, on a forfeited forthcoming bond for the sum of two thousand eight hundred and twenty-nine dollars and seventeen cents, with interest and costs.  Notice of a motion to be made for such judgment on the fifth day of the March term next is copied into the record and is dated February 5, 1869, and is addressed to John T. Peerce, Strother M. Williams, Joseph V. Williams, William H. Harriss, John S. Arnold, William C. Vanmeter, Edward Williams and George W. Fairfax.  The record does not show, that any of the defendants were served with the notice except John T. Peerce and John S. Arnold.  The record states, that the defendants did not appear.  Under the Code of 1868 Geo. W. Fairfax and John T. Peerce appealed from said judgment by filing the "undertaking" provided for by said Code granting the privilege of taking an appeal as a matter of right without appealing to the court or a judge thereof for an appeal or writ of error.

The question, that presents itself to us upon the threshhold, is:  Has this Court jurisdiction of the appeal?  In this case that depends upon the answer to the question:  Is the judgment complained of a "judgment by default" within the meaning of sections 5 and 6 of chapter 134 of the Code of 1868?  Section 5 provides:  "The court, in which there is a judgment by default or a decree on a bill taken for confessed, or the judge of the said court in the vacation thereof, may on motion reverse such judgment or decree, for any error, for which an appellate court might reverse it, if the following section were not exacted, and give such judgment or decree, as ought to be given."  In section 6 of the same chapter it is declared, that "no appeal, writ of error or *supersedeas* shall be allowed or entertained by an appellate court or judge for any matter, for which a judgment or decree is liable to be reversed or amended on motion as aforesaid by the court, which rendered it, or the judge thereof, until such motion be made and overruled in whole or in part."  No such motion in this case was made in the court below.

All judgments, where there has been no appearance by the defendant, are judgments by default within the meaning of section 5 of chapter 134 of the Code of 1868; and if a party under said Code in such a case took an appeal from such a judgment rendered without the appearance of defendant before applying to the court, which rendered it, or the judge thereof to correct the errors, of which he complains, his appeal will be dismissed as being improvidently taken. *Davis Shriff* v. *The Commonwealth*, 16 Gratt. 134; *Baker et al.* v. *Western Mining and Manufacturing Co.*, 6 W. Va. 196; *Meadows* v. *Justice, Id.* 198; *Smith & Atkinson* v. *Knight, Shriff, &c.*, 14 W. Va. 749.

For the foregoing reasons the appeal of the said Peerce is dismissed as improvidently taken, the judgment as to him having been rendered by default; and the appeal of Fairfax is dismissed as improvidently taken, the record not showing that he was a party to the suit, he not having been served with process.

JUDGES GREEN AND SNYDER CONCURRED.

APPEAL DISMISSED.