ELGIN CITY BANKING CO. *vs.* JOHN ZELCH.

Argued June 4, 1894.  Affirmed June 15, 1894.

No. 8790.

**Indorsement by the law merchant.**

The payee of a negotiable promissory note transferred it, with the following indorsements: "Pay to A. B. [Signed] C. D." "Payment guarantied. [Signed] C. D." *Held*, that this was an "indorsement," in the commercial sense, and that the transferee was an "indorsee," under the law merchant.

Appeal by defendant, John Zelch, from an order of the District Court of Ramsey County, *Chas. D. Kerr*, J., made December 26, 1893, denying his motion for a new trial.

On November 19, 1891, at St. Paul, defendant made and delivered to Daniel Dunham his promissory note dated that day whereby he promised to pay to the order of said Dunham at Wayne, Ill., five hundred dollars and interest on or before January 1, 1893. The note was given in part payment for a horse that day sold to defendant by Dunham. Defendant claims that Dunham fraudulently represented and warranted the horse to be sound. That he was not sound and that defendant sustained damages exceeding the amount due on the note. On January 25, 1892, Dunham sold and delivered the note to the plaintiff, the Elgin City Banking Company, and endorsed thereon as follows: "Pay the Elgin City Banking Company. D. Dunham. Payment guaranteed. D. Dunham." This action was brought by the Elgin City Banking Company on the note. Defendant answered stating that the note was given in part payment for a horse fraudulently represented and warranted sound, its unsoundness and his damages and denying that plaintiff bought the note in good faith or for value. Defendant claimed that the peculiar indorsement of the note made it nonnegotiable, that plaintiff was merely an assignee of a chose in action and that it was subject to all equities and defences subsisting against Dunham. The trial court thought otherwise and ordered the jury to return a verdict for plaintiff for the amount of the note and interest. Defendant excepted, and afterwards moved for a new trial. Being denied, he appeals.

*Morphy, Ewing, Gilbert & Ewing,* for appellant.

The writing on the back of the note does not read "pay to the Elgin City Banking Co. or order." It omits the words "to" and "or order," and merely says, "pay the Elgin City Banking Co. Payment guaranteed." Plaintiff claims this is nothing more nor less than an indorsement with an enlarged liability. The writers on this subject differ and the cases are in conflict. Story Bills, § 458.

One of the oldest and one of the leading cases on the subject and one which is referred to in all text books is *Partridge* v. *Davis,* 20 Vt. 499, decided in 1848, which held that a written guaranty of the payment of a promissory note placed by the payee upon the back of the note for the purpose of negotiating it is the same in legal effect and for every practical purpose as an indorsement and may be treated as such and an indorsement made in the form of a guaranty will render the payee liable as indorser to any subsequent holder of the note upon proof of the proper demand and notice. The same principle was laid down in *Robinson* v. *Lair,* 31 Ia. 9 ; *Heard* v. *Dubuque County Bank,* 8 Neb. 10 ; *State Bank* v. *Haylen,* 14 Neb. 480.

Story on Bills (4th Ed.) § 215, and Daniel on Negotiable Instruments (3rd Ed.) § 1781, lean towards the negotiability of guaranties but they rely on such authorities as *Upham* v. *Prince,* 12 Mass. 13; *Blakely* v. *Grant,* 6 Mass. 386; *Heard* v. *Dubuque County Bank,* 8 Neb. 10, and others where the conclusions have either been questioned or the cases overruled.

But Mr. Ames in Cases on Bills and Notes, Vol. 1, p. 224, sets out the case of *Belcher* v. *Smith,* 7 Cush. 482, and in his notes says, that a payee or subsequent party who writes a guaranty upon a bill or note is not liable as indorser, is now well settled; that *Upham* v. *Prince,* 12 Mass. 13; *Bell* v. *Johnson,* 4 Yerg. 194 and *Leggett* v. *Raymond,* 6 Hill 639, are overruled.

The writing on the back of the note is merely a guaranty and nothing more. Dunham sold and transferred the note and guaranteed its payment. The writing cannot at the option of plaintiff be converted into an indorsement. The defences of the maker are not cut off. This can only be done by indorsement according to the law merchant. *Trust Co.* v. *National Bank,* 101 U. S. 68; *Snevily* v. *Ekel,* 1 Watts & S. 203; *Lamourieux* v. *Hewit,* 5 Wend. 307; *Mil-*

*ler* v. *Gaston,* 2 Hill 188; *Eastern Townships Bank* v. *St. Johnsbury & L. C. R. Co.,* 40 Fed. Rep. 423; *Omaha Nat. Bank* v. *Walker,* 5 Fed. Rep. 399.

The fact that the payee, Dunham, signed his name after the transfer as well as after the guaranty does not make the transaction other than one transaction. If a man signs his name more than once to an ordinary contract that fact alone does not make more than one contract.

*John W. Best,* for respondent.

The question of the negotiability of a guaranty so exhaustively treated in appellant's brief is not involved in the case at bar. Every authority cited by appellant deals with the question of the negotiability of a bare guaranty without any pretense at an indorsement, and for that reason his citations are not apropos.

In *Belcher* v. *Smith,* 7 Cush. 482, Smith's only indorsement was in the following words over his signature: "I hereby guarantee the within note." The only writing involved in the case of *Sample* v. *Martin,* 46 Ind. 226, is: "We guarantee payment." In *Tuttle* v. *Bartholomew,* 12 Met. 452, "We guarantee the payment of this note." In *Omaha Nat. Bank* v. *Walker,* 5 Fed. Rep. 399, the writing is as follows, "This note is transferred and the collection of the same guaranteed to the holder thereof." In *Robinson* v. *Lair,* 31 Ia. 9, the writing on the back of the note is as follows, "For value received we guarantee the payment of the within note and hereby waive demand and notice of nonpayment."

MITCHELL, J. The defendant executed his negotiable promissory note, payable to the order of one Daniel Dunham, who transferred it to the plaintiff, with the following indorsements: "Pay the Elgin City Banking Co.    D. Dunham." "Payment guarantied.    D. Dunham."

Whether these indorsements be construed as constituting a single contract, or two distinct and separate contracts, we are clear that they constitute an "indorsement," in the commercial sense, and that the transferee is an "indorsee," and entitled to protection as such, under the law merchant. The fact that Dunham enlarged his re-

sponsibility beyond that of "indorser," by guarantying payment, did not change or affect the character of his indorsement.

Order affirmed.

COLLINS and BUCK, JJ., absent, took no part.

(Opinion published 59 N. W. 544.)