# CHARLESTON.

NATIONAL EXCHANGE BANK OF STEUBENVILLE, OHIO, *v.* McELFISH CLAY MANUFACTURING CO.

Decided December 8, 1900.

1. DEFAULT JUDGMENT—*Error.*

Where a joint judgment is rendered against two or more defendants by default, it is error to reverse it on motion, under section 5, chapter 134, Code, as to one defendant only, and not as to all. (p. 409).

2. NOTE—*Endorsement—Liability.*

   Where the payees in a negotiable note make the following endorsement on the back of the note, "For value received, we hereby guarantee the payment of the within note at maturity, waiving demand, notice of nonpayment, and protest. [Signed] A. G. Lee & Co.,"—*held*, that this operated as a transfer of the note, and as an indorsement thereof with enlarged liability. (p. 410).

3. ASSUMPSIT.

   An action of *assumpsit* may be maintained on such note, together with other negotiable notes by the same makers, and with the simple endorsement of the same payees jointly against the makers and endorsers. (p. 411).

Error to Circuit Court, Hancock County.

Action by the National Exchange Bank of Steubenville, Ohio, against Francis E. McElfish, Jeremiah C. Swearengen, and others. Judgment for defendants, and plaintiff brings error.

*Reversed.*

J. R. DONEHOE, for plaintiff in error.

H. M. RUSSELL, for defendants in error.

McWHORTER, PRESIDENT:

This is an action of *assumpsit* brought in the circuit court of Hancock County by the National Exchange Bank of Steubenville, Ohio, against Francis E. McElfish and Jeremiah C. Swearengen, partners doing business under the firm name of the McElfish Clay Manufacturing Company, Albert G. Lee, Robert M. Lee and the said persons composing the said partnership firm under the name of the McElfish Clay Manufacturing Company, partners doing business under the firm name of A. G. Lee & Co., on three notes, all dated at Penrith, West Virginia, each payable sixty days after its date to the order of A. G. Lee & Co. at the Commercial National Bank Steubenville, O., and made by the McElfish Clay Manufacturing Company, by F. E. McElfish, treasurer, one for five hundred dollars, dated December 20, 1897, one for one thousand dollars, dated December 27, 1897, the other for two hundred and fifty-two dollars and fifty cents, dated January 21, 1898. On the five hundred dollar note is the endorsement, "Protest waived. A. G. Lee & Co," the one thousand dollar note, the endorsement, "For value received we hereby guarantee the payment of the within note at maturity, waiving de-

mand, notice of non-payment and protest, A. G. Lee & Co.," on the note for two hundred and fifty-two dollars and fifty cents, "Protest waived on within note. A. G. Lee & Co." On the 27th day of June, 1898, defendants being called came not, and the plaintiff not desiring a jury and defendants not being present to demand one, "the plaintiff proceeded to the proof to the court in lieu of a jury and proved the allegations of the declaration and the indebtedness in the bill of particulars thereto appended mentioned, when the court gave judgment in favor of plaintiff against the defendants Francis E. McElfish, Jeremiah C. Swearengen, Albert G. Lee and Robert M. Lee for the amount of said three notes and interest to date. On the 18th of July, 1898, during the same term of court the defendant Robert M. Lee filed his petition and moved the court to amend and correct said judgment entered on the 27th of June so as to declare it void as to him, which motion was docketed and continued to the next term. On the 27th of March, 1899, said Robert M. Lee having given reasonable notice of the grounds thereof in writing moved the court to reverse as to him the said judgment under section 5 of chapter 134, Code, and plaintiff by its attorney objected and excepted and moved to abate and quash said motion and the said notice in writing and filed reasons therefor in writing, and on the 13th of July, 1899, the court overruled the motion of defendant Robert M. Lee to set aside the judgment of June 27, 1898, for reasons stated in the petition, but on consideration of the motion of said defendant Robert M. Lee to reverse said judgment as to him under section 5, chapter 134, Code, the motion was sustained, and the said judgment reversed and set aside as to the said defendant Robert M. Lee only, to which ruling the plaintiff objected and excepted and obtained a writ of error. It is insisted by the appellee that the judgment of the circuit court is not such as to give this Court jurisdiction to review it; that the moving defendant had been served with process in the case and after the setting aside of the judgment as to him, he was still before the court, and the case still pending and open to the plaintiff to take any further proceedings against him which it might desire to take; that if he were liable on the notes as plaintiff claimed, his liability could have been ascertained by further proceedings in the case, in which proceedings an opportunity would have been afforded him to present his defense; that the court did not determine he was not liable and did not

render judgment in his favor or any judgment which settled or ascertained his liability or non-liability. Appellant contends that the judgment rendered against the defendants was not a judgment by default within the meaning of section 5, chapter 134, Code, as to the appellee, because during the same term of which it was rendered he appeared and filed in the case a petition in the nature of a special plea, and might have interposed a demurrer or other pleadings and his appearance was before the judgment became final. If the judgment was rendered by default, it must maintain that character until it is opened in some way, set aside or reversed. An appearance for that purpose surely cannot change the character of the judgment, and until the judgment was set aside the defendant could not have interposed a demurer or any other plea. What constitutes a judgment by default? In *Adamson* v. *Peerce,* 20 W. Va. 59, syl. 1, "All judgments, where there has been no appearance by the defendant, are judgments by default within the meaning of section 5, chapter 134, of the Code of 1868," which is the same as our present Code. *Davis, sheriff,* v. *Commonwealth,* 16 Grat. 134; *Baker* v. *Mnfg. Co.,* 6 W. Va. 196; *Meadows* v. *Justice, Id.* 198; *Dickinson* v. *Lewis,* 7 W. Va. 673; *Smith* v. *Knight,* 14 W. Va. 749; *Forest* v. *Stephens,* 21 W. Va. 316; *Midkiff* v. *Lusher,* 27 W. Va. 439. The defendants had all been served with process and no one of them appeared, although they were solemnly called. There can be no question about the judgment being taken by default, and it was competent for the defendants or any of them to move under section 5, chapter 134, to reverse and set aside said judgment for any error for which an appellate court might reverse it, but for section 6 of same chapter. The defendant Robert M. Lee appearing only in his own behalf gave notice of motion to reverse the judgment as to himself alone, and assigned as error that "no liability of any sort is shown by the declaration as against the moving defendant; and especially as there is no averment that the notes described and exhibited were presented for payment at the time and place in the notes specified; that payment at such time and place was refused; that the said notes were protested for non-payment, or that notice of protest was duly given." It is only in the capacity of endorser or guarantor the defendant is attempted to be held liable, and such liability cannot be fixed without presentation of the note at the time and

place of payment, and payment demanded and refused and protest made, all of which must be alleged in the declaration, or if protest, notice, etc., is waived, that must be likewise alleged, if not, the declaration is bad on demurrer. This declaration fails to show on its face any cause of action against the endorser, either by protest or waiver thereof, in any of the special counts. The endorsement alone does not create liability. The liability does not occur until presentment, refusal of payment and protest. In *Bank* v. *Hysell,* 22 W. Va. 142, syl. pt. 2, it is held that "in an action on negotiable note against an endorser, the declaration must allege that the note was duly presented for payment at the place where it was payable, at the time when it became due and payable, and that it was not paid, and that thereupon the said note was duly protested for non-payment, of all of which the endorser had prompt notice. A declaration which simply says 'that the note was presented at the close of banking hours to the cashier of the bank where it was payable for payment,' which was refused, and thereupon it was duly protested for non-payment, notice whereof was given said endorser' is fatally defective on general demurrer, as it does not state when the note was presented for payment or where it was presented. The plaintiff contends that even if the special counts are not sufficient it can rest its case on the common counts; that they show a liability upon Robert M. Lee, and will support the judgment although the special counts may show none. The bill of particulars contains only an account for the amount of the notes and the interest thereon, without any description whatever of the notes. As defendant suggests, under this bill of particulars it was not open to the plaintiff to make proof of any other debts which the defendants might owe the plaintiff. Even with this bill of particulars he could not have introduced the notes without the special counts, for they would have been inadmissible under the common counts. The suit was upon the notes. The judgment itself recites that it was for the amount of the notes referred to in the declaration, and the plaintiffs case must stand upon its special counts and upon the notes, or it cannot stand at all. The court did not err in reversing the judgment, but it erroneously reversed it as to the one defendant only and not as to all. In *Jones* v. *Raine,* 4 Rand. 386, syl. pt. 2, "A joint judgment cannot be reversed as to one defendant and affirmed as to the other."

*Arrington* v. *Cheatham,* 2 Rob. 492; *Lenon* v. *Lenon,* 8 Grat. 349; *Purcell* v. *McCleery,* 10 Grat. 246; *Vandiver* v. *Roberts,* 4 W. Va. 493; *Lyman* v. *Thompson,* 11 W. Va. 427; *Carlon* v. *Ruffner,* 12 W. Va. 297. And in *Midkiff* v. *Lusher,* 27 W. Va. 439, syl. pt. 3, "When a joint judgment is rendered against two by default and for a defective return as to one, if it is reversed it must be reversed as to both defendants." *Hoffman* v. *Bircher,* 22 W. Va. 537. Appellee contends that a joint action cannot be maintained on the one thousand dollar note because of the character of the defendants and payees as guarantors, by reason of the indorsement on the back of the note of the following words: "For value received we hereby guarantee the payment of the within note at maturity, waiving demand, notice of non-payment and protest," which was signed, A. G. Lee & Co. This is saying in writing just what they say by signing their name in blank on the back of the note, by which they say they will pay it if the maker does not. It may be enlarging their liability as held in *Heard* v. *Bank,* 8 Neb. 10, (30 Am. Rep. 811). "The payee of a promissory note wrote his name on the back under the following words, 'For value received I hereby guarantee payment of the within note and waive presentation, protest and notice, signed by the payee;' held, that this operated as an indorsement with an enlarged liability." Also in *Myrick* v. *Hasey,* 27 Me. 9, "Where a note was made payable to R. D. H., or order, it was held that the words, 'I hereby guarantee the payment of the within note, R. D. H.,' written by the payee upon the back of the note, operated as a sufficient indorsement thereof." *Crosby* v. *Rouf,* 16 Wis. 616; *Hance* v. *Miller,* 21 Ill. 636; *Partridge* v. *Davis,* 20 Vt. 499; and in *Robinson* v. *Lair,* 31 Iowa 9, "A promissory note had the following written on the back of it, 'For value received we guarantee the payment of the within note and hereby waive demand and notice of non-payment;' Held, that it operated as a transfer of the note or as an indorsement thereof with enlarged liability." An indorsement by a third party agreeing to guarantee the payment of the note would give him the character of a guarantor, and he could only be held as such.

The court erred in its order of July 13, 1899, in that it reversed the first judgment of June 27, 1898, only as to the defendant Robert M. Lee, when it should have been reversed as to

all the defendants. Therefore the judgment of July 13, 1899, is reversed and set aside, and the court proceeding to render such judgment as the circuit court should have rendered, it is ordered that the judgment of June 27, 1898, be and the same is reversed and annulled, and the case remanded, and the plaintiff will be permitted to amend its declaration, and the defendants or any of them, to make such defense as they may deem proper, and the defendant Robert M. Lee being the party substantially prevailing will recover the costs of his motion in the circuit court and his costs in this Court.

*Reversed.*