FRANK L. MULLEN v. ANDY JONES.[1]

July 19, 1907.

Nos. 15,242—(57).

**Bills and Notes—Indorsement.**

A writing on the back of a promissory note by its payee, which guarantees the payment of the note at maturity and waives notice of nonpayment and demand, is an indorsement in a commercial sense, and makes the person to whom it was transferred an indorsee under the law merchant. Elgin City Banking Co. v. Zelch, 57 Minn. 487, followed.

[1] Reported in 112 N. W. 1048.

Action in the district court for Watonwan county to recover upon a promissory note. The case was tried before Lorin Cray, J., and a jury which rendered a verdict for $132.18 in favor of plaintiff. From an order denying a motion for a new trial, defendant appealed. Affirmed.

*Edward C. Farmer,* for appellant.

*J. E. Haycraft,* for respondent.

JAGGARD, J.

Plaintiff and respondent, as administrator of the estate of one Mullen, deceased, brought this suit on a promissory note alleged to have been executed by one Cain to the defendant Jones, and by the defendant indorsed to the deceased prior to its maturity. The indorsement on the back of the note was as follows:

> Pay C. G. Mullen, or order. I guaranty the payment of within note at maturity, and hereby waive notice of nonpayment and demand.                              Andy Jones.

The answer was a general denial of the guaranty of the note, its transfer, and of the signature of the defendant on the back of the note. Plaintiff at the trial offered the note in evidence. It was received, notwithstanding defendant's objections. The court in effect submitted to the jury the question of the genuineness of Jones' signature. The jury found for the plaintiff. This appeal was taken from the order refusing a new trial.

The principal contention of the defendant is that the writing on the back of the note was intended to be a guaranty, and not an indorsement, and that it was void because it failed to express a consideration, as required by the statute of frauds. Elgin City Banking Co. v. Zelch, 57 Minn. 487, 59 N. W. 544, decides this point adversely to defendant. In holding that the present indorsement was an indorsement in the commercial sense, and that the transferee was an indorsee under the law merchant, this court is in accord with the best current opinion. State v. Haylen, 14 Neb. 480, 16 N. W. 754; Dunham v. Peterson, 5 N. D. 414, 67 N. W. 293, 36 L. R. A. 232, and note, 57 Am. St. 556; German v. Hanna, 124 Iowa, 374, 100 N. W. 57; 7 Cyc. 795. But see 4 Am. & Eng. Enc. (2d Ed.) 479 (5).

The second contention of the defendant is that there was no proof

of the genuineness of defendant's signature on the back of the note. In point of fact, testimony on this point was received by the court on behalf of both parties. The jury found for the plaintiff. In view of the conclusion that the defendant's contract was as an indorser, and of that testimony, apart from the statutory rules (section 4730, R. L. 1905), the trial court was fully justified in refusing to grant a new trial.

Affirmed.