## George E. Chance et al., Appellees, v. I. J. Hudson et al., Appellants.

1. NEGOTIABLE INSTRUMENTS—*effect of indorsement by payees of note guaranteeing payment as assignment.* An indorsement of a note by the payees as follows: "For value received we guarantee the payment of the within note at maturity," constituted an assignment of the note and was sufficient to transfer the legal title.

2. NEGOTIABLE INSTRUMENTS—*transfer of note as pledge or sale.* When the payees of a note assigned and delivered the note to a bank and received the amount thereof, the transaction was not a pledge but an ordinary sale of commercial paper.

3. CHATTEL MORTGAGES—*reassignment of secured note containing no reference to mortgage as revalidation thereof.* Under the provision of Cahill's Ill. St. 1921, ch. 95, ¶ 27, that if a note secured by a chattel mortgage does not state on its face that it is so secured the mortgage shall be absolutely void upon assignment of the note, the payees of such a note, after assigning, cannot revive the mortgage by procuring the return of the note from the assignee.

4. CHATTEL MORTGAGES—*when recital in note secured by mortgage not statutory reference thereto.* A recital in a note "Having deposited or pledged with First National Bank of Mounds collateral security for the payment of this note a chattel mortgage payable to the indorsers on the entire printing plant of the Mounds News, Mounds, Ill.," clearly indicates that the note was not secured by chattel mortgage but that another note secured by a chattel mortgage was pledged as collateral security therefor, and did not meet the requirement of Cahill's Ill. St. 1921, ch. 95, ¶ 27, that the note must show on its face that it was secured by a chattel mortgage or the mortgage will be absolutely void.

5. NEGOTIABLE INSTRUMENTS—*negotiability not destroyed by recital that note secured by collateral.* A note is not rendered nonnegotiable by a recital to the effect that collateral security therefor has been taken.

Appeal by defendants from the County Court of Pulaski county; the Hon. FRED HOOD, Judge, presiding. Heard in this court at the March term, 1924. Reversed. Opinion filed July 7, 1924. *Certiorari* denied by Supreme Court (making opinion final).

CHARLES L. RICE and C. S. MILLER, for appellants.

M. J. O'SHEA and ALEXANDER WILSON, for appellees.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

Appellants procured a judgment and execution against W. G. Evans on August 29, 1923. The sheriff levied the execution on certain personal property found in the possession of the execution debtor. Appellees demanded a trial of the right of property and the court found that the title to the property was in them and that they were entitled to possession as against appellants.

Appellees claimed title by virtue of a chattel mortgage executed and acknowledged by the said Evans on April 7, 1923, and filed for record two days later. It is contended by appellants that the mortgage was void becase the note thereby secured does not state upon its face that it was secured by chattel mortgage as required by Cahill's Ill. St. 1921, ch. 95, ¶ 27. That statute has been held to apply, only, to cases where the note has been assigned. *Hogan v. Akin,* 181 Ill. 448; *Sellers v. Thomas,* 185 Ill. 384. A note is assigned when it is indorsed by the payee. Cahill's Ill. St. 1921, ch. 98, ¶¶ 2 and 51.

The note in question is payable to appellees and by them indorsed in the following form: "For value received we guarantee the payment of the within note at maturity, 4/7/23. Int. paid to 9/30/23." That is an assignment of the note, *Judson v. Gookwin,* 37 Ill. 286, and was sufficient to transfer the legal title. *Kistner v. Peters,* 223 Ill. 607; *Keenan v. Blue,* 240 Ill. 177. The undisputed evidence is that after the note was so indorsed it was delivered by appellees to the First National Bank of Mounds, which paid them the full amount thereof. After appellants' execution was levied upon the property described in the mortgage appellees gave the bank a new note and took back the note in question.

We are of the opinion that when appellees assigned and delivered the note to the bank and received the

amount thereof the transaction was not a pledge but an ordinary sale of commercial paper. When a note, secured by chattel mortgage, has been assigned, the statute says the mortgage shall be absolutely void unless the note states upon its face that it is secured by such a mortgage. *Hogan v. Akin, supra.* Unless the statute applies to a case of this kind it is a dead letter and not applicable in any case. If the assignment of the note rendered the mortgage absolutely void it was beyond the power of appellees to revive it by again procuring the note from the bank.

Appellees contend that there is a recital in the note which is equivalent to a statement that it is secured by chattel mortgage. The recital is as follows: "Having deposited or pledged with First National Bank of Mounds, Illinois, collateral security for the payment of this note, a chattel mortgage payable to the endorsers on the entire printing plant of the Mounds News, Mounds, Illinois." This language clearly indicates that the note was not secured by chattel mortgage but that another note secured by chattel mortgage was pledged as collateral security therefor. To meet the requirements of the statute the note must show on its face that it is secured by chattel mortgage. Cahill's Ill. St. 1921, ch. 95, ¶ 27. A note is not rendered nonnegotiable by a recital to the effect that collateral security therefor has been taken. *Heldman v. Gunnell,* 201 Ill. App. 172-174; *Mumford v. Tolman,* 157 Ill. 258; *Biegler v. Merchants Loan & Trust Co.,* 164 Ill. 197.

The note in question is dated March 30, 1923, executed by W. G. Evans to appellees and payable in one year from date with interest at the rate of seven per cent from maturity. The note described in the mortgage is dated April 7, 1923, executed by Evans and appellees to First National Bank of Mounds, Illinois, payable in one year after date with interest at seven per cent from date. The only similarity between the

note and the note described in the mortgage is the amount thereof. While the courts have been quite liberal in regard to discrepancies in matters of this kind, yet it is a serious question whether such a glaring discrepancy may be overlooked especially in view of the fact that the mortgage does not purport to secure an indebtedness, but merely the payment of a certain note. *Ogden v. Ogden*, 180 Ill. 543.

As we are of the opinion that the chattel mortgage was void the judgment is reversed.

*Reversed.*

The Clerk will incorporate in the judgment the following:—"The Court finds that appellees have no right, title or interest in the property as the mortgage is null and void."