RICHMOND GUANO COMPANY v. H. H. WALSTON, JR., AND
BRITTON HARRELL.

(Filed 27 May, 1926.)

**Bills and Notes—Guarantors of Payment—Enlarged Liability—Endorsers
—Title—Due Course.**

> While an endorsement upon negotiable note "Demand, notice and pro-
> test waived, payment guaranteed by the undersigned," is a guaranty of
> payment by those over whose signature it appears, and enlarges their
> liability under the law merchant, it is sufficient under our statute to pass
> title to the transferee, who, taking before maturity and without notice,
> acquires the instrument free from the equities that may be binding upon
> the original parties thereto. C. S., 3017, 3018, 3019, 3020, 3044.

APPEAL by defendants from *Cranmer, J.,* and a jury, at November
Term, 1925, of WILSON. No error.

The necessary facts will be considered in the opinion.

*Bryce Little, W. A. Finch, and Manning & Manning for plaintiff.
Connor & Hill for defendants.*

CLARKSON, J. Plaintiff brought an action against the defendants,
who gave a negotiable note 23 February, 1921, to Tomlinson Guano
Company, due 1 November, 1921, with interest from 1 January, 1921.
Credit $150, 22 November, 1921. Plaintiff claimed it was the owner in
due course. As a defense to the note, defendants allege that they stored
with Tomlinson Guano Company, or Tomlinson & Co., Inc., 79½ bales
of cotton upon certain terms to be sold and applied on the note. This
was not recited in the note. They further allege that Tomlinson Guano
Company, or Tomlinson & Co., Inc., were one and the same concern.
Both are insolvent and have been adjudged bankrupts. The defendants
further allege "that without their knowledge, consent and acquiescence,
the said 79½ bales of cotton were sold and the proceeds converted to the
use of Tomlinson & Co., Inc., or Tomlinson Guano Company, and was
not applied to the discharge of the notes to secure which the same were
deposited."

The plaintiff's evidence was to the effect that the note was purchased
15 March, 1921, for full value, before maturity and without notice of
any equities. We do not discuss the evidence introduced by defendants
and that excluded by the court below tending to fix plaintiff with notice
so that defendant's equities could be considered. We think the court
below made no error in excluding that to which exception was taken.
We think the evidence on this aspect not sufficient to be submitted to
the jury. *We pass on what we consider the main assignment of error.*

The note, with all endorsements, is as follows:

"$6,000.00.                    Wilson, N. C., 23 February, 1921.

1 November, 1921, after date, we promise to pay to the order of Tomlinson Guano Company six thousand dollars at 6% int. from 1 January, 1921.  Value received.

H. H. WALSTON, JR.    (Seal.)
BRITTON HARRELL.   `    (Seal.)

No. 82.

Demand, notice and protest waived; payment guaranteed by the undersigned.

TOMLINSON GUANO COMPANY.
N. L. Finch, Partner.

Pay to the order of
        Tomlinson Guano Company,

For  collection and return of proceeds to Powhatan Chemical Company, Richmond, Va.

(This latter endorsement was stricken out, lines drawn through after it was recalled in February, 1922.)

Cr. 11/22/21 by cash, $150.00."

The note is negotiable in form.  Defendants contend that the note was not negotiated in accordance with the law of merchants or the negotiable instrument law.  The language on the note being *"Demand, notice and protest waived, payment guaranteed by the undersigned,"* the plaintiff contends it is an endorsement with an enlarged liability.

The defendants contend the language only showed a guarantee and nothing more, and does not constitute commercial negotiation in due course.

If the language makes plaintiff a holder in due course, it takes same free from equities and defenses which the maker has against the payee. The cases of *Gillam v. Walker,* 189 N. C., 189, and *Dillard v. Mercantile Co.,* 190 N. C., 225, cite C. S., 3044 on a different aspect.

We can find no decision bearing on the question in this State.  We must look elsewhere.  The language *"payment guaranteed by the undersigned,"* would indicate, as contended by defendants with much force, only a guarantee and not a commercial negotiation in due course.  It is contended that especially is this true from the fact that the guarantor had cotton in its possession of defendants to sell, pledged to pay this note, which would further indicate that it would not, by the language, intend to make the note such a one—in due course—as to cut off the right of defendants to have the cotton, as agreed upon, applied on the

note when sold according to the terms. This position is borne out to a great extent by *Mr. Justice Strong* in *Trust Co. v. National Bank,* 101 U. S. Reports, p. 68 (October Term, 1879); the gist of this opinion is: "The defenses of the maker of a promissory note can be cut off only by the payee's endorsement of it before maturity. A guaranty written upon it by the payee is not such an indorsement." The learned *Justice* says at p. 70: "That a guaranty is not a negotiation of a bill or note as understood by the law merchant, is certain."

We have given this case thorough consideration, appreciating the hardship on defendants, but, under our negotiable instrument law and the great weight of authorities, we must hold that the writing on the negotiable note is an indorsement in due course, so far as to transfer to and vest title in the plaintiffs, and the guarantee is "An indorsement with an enlarged liability." Negotiable papers being so important to the life of trade that the decision of *Mr. Justice Strong* has not been to any extent followed, and numerous states of the nation have, to a great extent, passed uniform negotiable instrument laws. In this State, C. S., ch. 58 (1899), "Negotiable Instruments," sec. 3014, is as follows:

"An indorsement may be either in blank or special, and it may also be either restrictive or qualified or conditional."

"C. S., 3017. An indorsement is restrictive which either (1) prohibits the further negotiation of the instrument; or (2) constitutes the indorsee the agent of the indorser; or (3) vests the title in the indorsee in trust for, or to the use of, some other person. But the mere absence of words implying power to negotiate does not make an indorsement restrictive."

C. S., 3018. Effect of restrictive indorsement; rights of indorsee.

C. S., 3019. Qualified indorsement.

C. S., 3020. Conditional indorsement.

C. S., 3044. "A person placing his signature upon an instrument otherwise than as maker, drawer or acceptor is deemed to be an indorser, unless he clearly indicates by appropriate words his intention to be bound in some other capacity."

The language of these sections indicate that to make an indorsement, as in the present case, restrictive, some language must indicate it or the consequence is that the indorsement is with an enlarged liability. The weight of authorities, whether under negotiable instrument laws or by the law merchant, take this view.

The case of *Ireland v. Floyd,* 42 Okla., 609, which followed the case in U. S. Supreme Court, was overruled in *Mangold v. Utterback,* 54 Okla., p. 655. L. R. A., 1917-B., p. 368. *Mathews, J.,* for a unanimous Court in overruling the *Ireland case,* not only puts it on the better reasoning and greater weight of authority, but also on Oklahoma

Statute, sec. 4113 (Laws 1910), which is the exact language of C. S., 3044, *supra*. The Court says, at p. 661: "It will be observed from section 4113 that the tendency of the law, when the status of a party who places his name upon the back of a negotiable instrument is under consideration, is to resolve all doubtful cases towards holding the same to be a commercial indorsement in due course. This rule is founded upon commercial necessity. The unshackled circulation of negotiable notes is a matter of great importance. The different forms of commercial instruments take the place of money. To require each assignee, before accepting them, to inquire into and investigate every circumstance bearing upon the original execution and to take cognizance of all the equities between the original parties, would utterly destroy their commercial value and seriously impede business transactions." This decision was rendered 11 January, 1916.

In *Douglass v. Brown,* 56 Okla., 6, 155 Pac. Rep., 887, rendered 29 February, 1916, the facts were as in *Mangold v. Utterback, supra.* The transfer and execution of the note, it will be noted, took place prior to the taking effect of the Negotiable Instrument Act (1910). The unanimous Court held the note was subject to equities and defenses and cites the *Ireland case.*

In *First Nat. Bank v. Cummings,* 69 Okla., 216, decided 26 March, 1918, the principle in the *Mangold case, supra,* was affirmed, and *Ireland v. Floyd, supra,* overruled, the Court going back to *McNairy v. Farmers National Bank,* 33 Okla., p. 1, rendered 14 May, 1912, which held the writing constituted an indorsement with an enlarged liability.

In *Delk v. City National Bank,* 85 Okla., 238, 205 Pac., 753, *Bank v. Cummings* is approved and it is stated that the *Ireland case, supra,* was overruled by *Bank v. Cummings.* After various and sundry changes, Oklahoma held that the indorsement is an enlarged liability.

*Lumpkins, J.,* in a well thought out opinion, with numerous authorities, in *Hendrix v. Bauhard,* 138 Ga., p. 473, 75 S. E., 588, held: "Where the payees in a promissory note payable to order wrote on the back of it the words 'For value received, we hereby warrant the makers of this note financially good on execution,' and signed their names after such entry, and negotiated and delivered the note for value, such indorsement was sufficient to transfer title to the note; and if made before maturity to a bona fide purchaser for value, without notice of any defense, he would be protected from any defenses which the maker might have, except those expressly allowed by statute." *Lowry National Bank v. Maddox* (1908), 4 Ga. App., 329, 61 (S. E., 296), an early decision, is not wholly in accord with the *Hendrix case.* Reliance in that case is placed upon *Central Trust Co. v. First National Bank,* 101 U. S., *supra,* this case is disapproved in the *Hendrix case.*

The Massachusetts cases seem to be in conflict on the question.

"The fact that an indorsement includes a guaranty or is in form a guaranty does not prevent the passing of title, such a writing according to the weight of authority amounts to an indorsement which transfers title to the note." 21 A. L. R., 1375. Digesting the cases—Anno. Cases, 1913 D., 688; 36 L. R. A., 232.

1 Joyce on Com. Papers (2 ed.), sec. 666, says: "The determination of the question whether equities and defenses between original parties are available against a bona fide holder in case of contract of guaranty, must rest largely upon the construction placed upon that contract in the different jurisdictions, and where it is determined that a payee or holder, who writes above his indorsement of negotiable paper a guaranty of payment, stands in the position of an indorser with an enlarged liability, such a transfer constitutes an indorsement of the paper."

Brannan's Negotiable Inst. Law, Anno. (14 ed.), 1926, sec. 38, p. 323, says: "Where the payee of a negotiable note indorses it, 'I hereby guarantee the payment of the within note and waive demand and notice of protest,' he is liable not as a mere guarantor, but as an indorser with an enlarged liability. The N. I. L. (Negotiable Instrument Law) was not cited on this point. *First National Bank v. Baldwin,* 100 Neb., 25, 158 N. W., 371. See other cases under sections 21, 34, 63."

The decisions years ago on this important question were chaotic. In more recent years, and especially since the passage among the states over the nation of the negotiable instrument laws to make the laws more uniform, the decisions are more in accord and the great wealth hold that the indorsement, as in the present case: "Demand, notice and protest waived, payment guaranteed by the undersigned," is an indorsement with an enlarged liability. The language makes the holder one in due course and the instrument is taken free from equities and defenses which the maker has against the payee. The great importance in commerce and trade has forced uniform legislation in regard to negotiable instruments, and the courts have now, with few exceptions, held that the holder, under the facts in the present, is one in due course with enlarged liability.

"The Illinois Act adds, 'and the addition of the words of assignment or guaranty shall not negative the additional effect of the signature as an indorsement, unless otherwise expressly stated.' " *Chance v. Hudson,* 233 Ill. App., 542.

*Dunham v. Peterson,* 5 N. D., 414, holds that when the payee of negotiable note transfers it by indorsing thereon a guaranty of payment, the purchaser is an indorsee, within the rule protecting an innocent purchaser of such paper for value, and before maturity, against defenses good between the original parties. Full authorities are cited in the opinion.

The indorsement is an enlarged liability. This is now held to be so by the great weight of authorities, both by the law merchant and the Negotiable Instrument Laws. The endorsement in some cases are "I hereby guarantee the payment of the within note," and others are as in the present case with the addition *"Demand, notice and protest waived, payment guaranteed by the undersigned." Myrick v. Hasey* (1847), 27 Me., 9, 46 Am. Dec., 588; *Robinson v. Lair* (1870), 31 Iowa, 9; *Kellogg v. Douglas County Bank* (1897), 58 Kan., 43, 62 Am. St. Rep., 596, 48 Pac., 587; *Helmer v. Commercial National Bank* (1890), 28 Neb., 474-44 N. W., 482; *Bank of Woodstock v. Kent,* 15 N. H., 579; *Nat. Ex. Bank v. McElfish Clay Mfg. Co.,* 48 W. Va., 406, 37 S. E., 541; *First Nat. Bank v. Shaw* (1909), 157 Mich., 192; 133 Am. St. Rep., 342; 121 N. W., 809; *Elgin City Bank Co. v. Zelch* (1894), 57 Minn., 487, 59 N. W., 544; *Mullen v. Jones,* 102 Minn., 72, 112 N. W., 1048. The states that *now* hold that the indorsement passes title free from defenses, are: Georgia, Iowa, Maine, Michigan, Minnesota, Nebraska, North Dakota, Oklahoma, Oregon, and many others.

The reason of the conflict and chaos we think perhaps the question by the law merchant made the matter doubtful, although the weight of authorities do not so indicate; but, under our Negotiable Instrument Act, we think it clear that the indorsement carried the title and the holder was one in due course with an enlarged liability. For the reasons given, there is

No error.