HOOSIER MUTUAL INSURANCE COMPANY *v.* CITIZENS TRUST AND SAVINGS BANK OF PRINCETON.

[No. 13,312. · Filed March 13, 1929.]

*T. Morton McDonald,* for appellant.
*Morton C. Embree* and *Charles O. Baltzell,* for appellees.

MCMAHAN, P. J.—This is an action by the Citizens

Trust and Savings Bank of Princeton, appellee in this court, against the Hoosier Mutual Insurance Company, appellant herein, and five individuals upon a promissory note signed by one of the individuals, Carl W. Youngblood, as principal, and the other four individuals as sureties, and payable to the insurance company. The note is negotiable in form, and the complaint alleges that the bank, for a valuable consideration and before maturity, in due course of business, purchased the note from the insurance company, and that the latter indorsed the same to the bank. A copy of the note and of the indorsement on the back thereof are filed with and made a part of the complaint. The indorsement is signed by appellant and is as follows: "The undersigned hereby guarantee the payment of the within note. Presentment demand and notice waived." The four sureties answered in three paragraphs: (1) Denial; (2) *non est factum;* and (3) that each of them signed the note under an agreement with the insurance company and Carl W. Youngblood that the note should not be delivered to the insurance company nor become binding upon such sureties unless the same was signed by Robert Collins; that the note was delivered to and accepted by appellant in violation of that agreement, in that Collins never signed the note, and the answering defendants, for that reason, were not liable on the note. The other two defendants answered by a general denial.

A trial by jury resulted in a verdict for the plaintiff and against appellant and all the other defendants for the full amount of the note. Appellant's motion for a new trial was overruled. The motion of the four sureties for a new trial was sustained, and a judgment was rendered on the verdict against appellant and Carl W. Youngblood, hence this appeal.

Appellant contends that the language on the back of the note amounts to a guaranty and nothing more, and

does not constitute a commercial negotiation in due course, that is, that it, appellant, simply transferred the note to appellee by delivery without any indorsement. The trial court evidently was of the opinion that the language used did not make appellee a holder in due course, and that it took the note subject to the same equities and defenses which the makers of the note had against the payee. We say this because the court overruled appellee's demurrer to the third paragraph of the answer of the four sureties, and because of the fact that the court instructed the jury that if it found the facts to be as alleged in such paragraph of answer, there could be no recovery against such defendants. This instruction is based upon the theory that appellee took the note subject to all defenses such defendants had against the payee of the note.

We are of the opinion that the court erred in overruling appellee's demurrer to the said third paragraph of answer and in giving such instructions, but appellee is not complaining of such errors.

Appellant insists that it is not an indorser, and that, being liable as a guarantor only, it was only required to answer as to its interest in the note on account of having transferred the same to appellee by delivery without indorsement, and that it could not, therefore, be sued on the guaranty in an action against the makers of the note.

Section 63 of the Negotiable Instruments Act, §11422 Burns 1926, provides: "A person placing his signature upon an instrument otherwise than as maker, drawer or acceptor is deemed to be an indorser, unless he clearly indicates by appropriate words his intention to be bound in some other capacity." The following indorsements on the back of promissory notes have been held to be indorsements in due course within the Negotiable Instruments Act so as to vest title in the indorsee free from equities: "Demand, notice and protest waived; pay-

ment guaranteed by the undersigned," *Richmond Guano Co.* v. *Walston* (1926), 191 N. C. 797, 133 S. E. 196, 46 A. L. R. 1512, and note on page 1516; "For value received, we hereby warrant the makers of this note financially good on execution," *Hendrix* v. *Bauhard Bros.* (1912), 138 Ga. 473, 75 S. E. 588, 43 L. R. A. (N. S.) 1028, Ann. Cas. 1913D 688; "Payment guaranteed. Protest waived," *Mangold & Glandt Bank* v. *Utterback* (1916), 54 Okla. 655, 160 Pac. 713, L. R. A. 1917B 364; "For value received Pioneer Sugar Co. guarantees the payment of the within note, waiving protest, demand and notice of nonpayment," *National Bank* v. *Price* (1923), 65 Utah 57, 234 Pac. 231; "For value received we guarantee the payment of the within note at maturity," *Chance* v. *Hudson* (1924), 233 Ill. App. 542. For other cases to the same effect, see *Myrick* v. *Hasey* (1847), 27 Me. 9, 46 Am. Dec. 588; *Robinson* v. *Lair* (1870), 31 Iowa 9; *Kellogg* v. *Douglas County Bank* (1897), 58 Kans. 43, 48 Pac. 587, 62 Am. St. 596; *Helmer* v. *Commercial Bank* (1890), 28 Nebr. 474, 44 N. W. 482; *Bank of Woodstock* v. *Kent* (1844), 15 N. H. 579; *National Exch. Bank* v. *McElfish Clay Mfg. Co.* (1900), 48 W. Va. 406, 37 S. E. 541; *First Nat. Bank* v. *Shaw* (1909), 157 Mich. 192, 121 N. W. 809, 133 Am. St. 342; *Elgin City Banking Co.* v. *Zelch* (1894), 57 Minn. 487, 59 N. W. 544; *Mullen* v. *Jones* (1907), 102 Minn. 72, 112 N. W. 1048; *Voss* v. *Chamberlain* (1908), 139 Iowa 569, 117 N. W. 269, 19 L. R. A. (N. S.) 106, 130 Am. St. 331; *Dunham* v. *Peterson* (1896), 5 N. D. 414, 67 N. W. 293, 36 L. R. A. 232, 57 Am. St. 556; *Hutson* v. *Rankin* (1922), 36 Idaho 169, 213 Pac. 345, 33 A. L. R. 91, and note page 97; *Rawlins County State Bank* v. *Rummel* (1923), 114 Kans. 597, 220 Pac. 255; *Cady* v. *Bay City Land Co.* (1921), 102 Ore. 5, 201 Pac. 179, 21 A. L. R. 1367, and note on page 1375. In *Weitz* v. *Wolfe* (1890), 28 Nebr. 500, the payee transferred the

note, making the following indorsement of the same: "I guarantee the payment of the within note, waiving demand and notice of protest. T. T. Weitz." It was there held that the use of the word "guarantee" did not lessen the liability of Weitz, and that he, as an indorser, was properly sued with the maker in the same action. To the same effect, see *First Nat. Bank* v. *Baldwin* (1916), 100 Nebr. 25, 158 N. W. 371.

So far as we are advised, we have no decisions in this state construing this section of the Negotiable Instruments Act, and its effect upon indorsements similar to the one involved in the instant case. But, in accordance with the great weight of authorities, we hold that by virtue of the writing on the back of the note, appellant, under said §63 of the Negotiable Instruments Act, must be held to be an indorser; that, under the undisputed evidence, appellee is a holder in due course, and the action was properly prosecuted against the makers, and against appellant, as indorser, in the same action.

It was the conflict and chaos in the law relating to negotiable instruments that led to the enactment of the Uniform Negotiable Instruments Law. A failure on our part to adopt and follow the almost universal construction placed on said section of the act, as declared by the great weight of authority, would defeat the purpose sought by the adoption of the statute, and prevent uniformity. Any conflict between the statute, as construed by the supreme courts of other states prior to its adoption in this state, and the decisions of our courts of review should be resolved in favor of the former. Our holding is in harmony with the decisions in Georgia, Illinois, Iowa, Kansas, Maine, Michigan, Minnesota, Nebraska, North Carolina, New Hampshire, North Dakota, Oklahoma, Oregon and West Virginia, as indicated by the above cited cases.*

*Note. See 21 A. L. R. 1375; 33 A. L. R. 97; and 46 A. L. R. 126.

Appellant insists that the cause should be reversed, even though we should hold it was liable as an indorser, because the trial court adopted the theory that it was a guarantor and not an indorser. In support of this contention, appellant says the theory upon which the cause was tried in the trial court should be adhered to on appeal. But the fact that the court placed a wrong construction on the indorsement by construing it as a guaranty and not as an indorsement with increased liabilities, should not be ground for reversing the judgment when a correct result was reached in so far as appellant is concerned. Appellee, by its complaint, sought to hold appellant as an indorser. The fact that the trial court erroneously overruled appellee's demurrer to the paragraph of the answer of the sureties, in sustaining the motion of the sureties for a new trial, and in the instructions upon the effect of the indorsement will not warrant a reversal. Appellant was sued as an indorser. It is liable as an indorser. The judgment is for the correct amount, and appellant has not been harmed by reason of the fact that the trial court acted upon the theory that it was liable as a guarantor. The court did not err in overruling appellant's motion for a new trial. If appellee had prosecuted an appeal from the action of the court in overruling its demurrer to the third paragraph of answer of the sureties and for sustaining their motion for a new trial, a different question would have been presented. Appellant is liable to appellee on its indorsement, and since appellant, by indorsing the note to appellee, obtained the full amount of the note from appellee, there is no good reason why the latter should be deprived of the money which appellant obtained from it, while appellant and the sureties litigate the question of their respective liabilities. There was no error in overruling appellant's motion for a new trial, nor in overruling its demurrer to the complaint. The verdict

was in proper form, hence appellant's motion for a *venire de novo* was properly overruled.

Judgment affirmed.