## IRELAND *et al.* v. FLOYD.

No. 3717.   Opinion Filed July 28, 1914.

(142 Pac. 401.)

**BILLS AND NOTES**—Indorsement—Construction and Effect.   The words "For value received I hereby guarantee payment of the within note and waive demand and notice of protest on same when due," written on the back of a note by the payee, do not constitute an indorsement and transfer in due course, but constitute a mere guaranty of payment.   And the maker of such note is entitled to make the same defenses against same in the hands of the holder under such guaranty that he would be entitled to make if it were in the hands of the original payee.

(Syllabus by Harrison, C.)

*Error from County Court, Jefferson County;*
*B. T. Price, Judge.*

Action by Frank N. Ireland and son against H. W. Floyd, upon two promissory notes. Judgment for defendant, and plaintiffs bring error.   Affirmed.

*Bridges & Vertrees,* for plaintiffs in error.

*Jones & Green,* for defendant in error.

Opinion by HARRISON, C.   This was an action by Frank Ireland & Son, a firm doing a general banking and commercial paper business at Washburn, Ill., against H. W. Floyd, upon two certain promissory notes executed by defendant to Robert Burgess & Son, breeders and importers of stallions, as part payment for what was represented to be an imported thoroughbred bay Belgian stallion, now deceased.   Plaintiffs claimed to be the owners and holders of said notes for a valuable consideration in due course.   Defendant denied such allegations and sought to defend against same on the alleged ground that they were without consideration and were obtained through fraud and misrepresentation in this, to wit:   That the horse was represented to them to be a thoroughbred imported Belgian draft horse, in a perfectly sound and healthy condition; to be a sure foal-getter;

that he was a deep bay, and that his colts would be the same color—whereas in truth and in fact said horse was not in a healthy condition, was worthless as a foal-getter, and what few colts he did sire were of all colors, and that he was continually sore-footed, sore-kidneyed, and otherwise indisposed, impotent, inefficient, and wholly unsatisfactory and utterly worthless for the purpose for which he was purchased; that his colts were so variegated in colors that at the beginning of the second season patrons refused to breed to him on this account. This, however, is probably immaterial, as the horse died before the season was over. Defendants introduced some ten witnesses, whose testimony very strongly tended to establish such allegations. The cause was tried, and verdict and judgment rendered in favor of defendant, and from such judgment plaintiffs appealed to this court.

As we view the case, there is but one decisive proposition involved, namely, whether the defendant could make the same defenses against said notes in the hands of plaintiffs that he could have made had they been in the hands of Burgess & Son, the original payees. Each was in the following form, and each bore the following indorsement, to wit:

"$100.00.    Hastings, Oklahoma, April 25, 1907.

"July 1st, 1908, after date I promise to pay to the order of Robert Burgess & Son, one hundred and no-100 dollars, with interest at the rate of eight per cent. per annum, payable annually at Hastings, Oklahoma, value received.

"No. B. 701.                                H. W. FLOYD.

"For value received, I hereby guarantee payment of the within note and waive demand and notice of protest on same when due.

"ROBERT BURGESS & SON."

The form of the foregoing writing presents two question: First, whether it is an indorsement or a mere guaranty; second, whether, if a mere guaranty, the defendant would be entitled to make the same defenses against the note in the hands of plaintiffs that he would have been entitled to make in the hands of Robert Burgess & Son.

On the first proposition, as to whether such an indorsement would in fact constitute an indorsement in blank, or a separate contract of warranty, in *Lamourieux v. Hewit,* 5 Wend. (N. Y.) 307, which was a suit on a note bearing the following indorsement, to wit: "I warrant the collection of the within note for value received"—at the trial of the cause, in order to· make the above wording on the back of the note constitute an indorsement,. the plaintiff was allowed to amend by interlining the following words: "To John G. Hewit." After the interlineation the court decided that the warranty partook of the negotiable nature of the note, and that action might be maintained on it in the name of whomsoever was the holder of the note. In reversing the trial court on this view of the law, the appellate court said:

"I am of opinion, however, that an action cannot be maintained on the guaranty in the name of the present plaintiff. The defendant was liable upon his guaranty, not as an indorser of negotiable paper, but as the party to a special contract, which might have been written on a separate piece of paper as well as on. the back of the note. * * * Where a note is indorsed in blank, the body of the indorsement may be filled up on the trial, but a warranty cannot be altered."

In *Snevily v. Johnston,* 1 Watts & S. (Pa.) 307, the following words: "I guarantee the within note to John Johnston" —were held to be a warranty and not an indorsement.

In *Miller v. Gaston,* 2 Hill (N. Y.) 188, the court, in discussing whether a similar indorsement on the back of a note constituted a contract of indorsement or one of guaranty, held that it was a contract of guaranty, and concluded the opinion as follows:

"We have recently refused to allow the holder of a note to change a contract of indorsement into one of guaranty (*Seabury v. Hungerford,* 2 Hill, 80), and I am equally opposed to allowing a contract of guaranty to be turned into one of indorsement."

As to the second question, in *Central Trust Co. v. First Nat. Bank of Wyandotte,* 101 U. S. 68, 25 L. Ed. 876, the United States Supreme Court had before it for determination, not only the question as to whether a writing, identical in effect and meaning and almost identical in words with the one under considera-

tion in the case at bar, constituted an indorsement or a guaranty, but also had under consideration the question as to whether the maker of the note was cut off from his defenses against such note in the hands of a holder under such warranty. The court, speaking through Mr. Justice Strong, said:

"The note was not indorsed to the trust company, and it was not, therefore, taken in the usual course of business by that mode of transfer in which negotiable paper is usually transferred. Had it been indorsed by the Cook County Bank, it may be that the trust company would hold it unaffected by any equities between the maker and the payee. But, instead of an indorsement, the president of the Cook County Bank merely guaranteed its payment, and handed it over with this guaranty to the trust company. The note was not even assigned. There was written upon it only the following:

" 'For value received, we hereby guarantee the payment of the within note at maturity or at any time thereafter, with interest at ten per cent. per annum until paid, and agree to pay all costs and expenses paid or incurred in collecting the same.

" '[Signed]    B. F. ALLEN, Pres't.' "

Continuing, the court said:

"In no commercial sense is this an indorsement, and probably it was not intended as such. Allen had agreed that the note should not be negotiated, and for this reason, perhaps, it was not indorsed. That a guaranty is not a negotiation of a bill or note, as understood by the law merchant, is certain. *Snevily v. Ekel*, 1 Watts & S. [Pa.] 203; *Lamourieux v. Hewit*, 5 Wend. [N. Y.] 307; *Miller v. Gaston*, 2 Hill [N. Y.] 188. In this case the guaranty written on the note was filled up. It expressed fully the contract between the Cook County Bank and the trust company. Being expressed, it can raise no implication of any other contract.   *   *   *   The contract cannot therefore be converted into an indorsement or an assignment. And if it could be treated as an assignment of the note, it would not cut off the defenses of the maker. Such an effect results only from a transfer according to the law merchant; that is, from an indorsement."

It follows, therefore, that the writing on the back of the note in the case at bar did not constitute an indorsement, transfer, and delivery for a consideration in due course, but constituted a mere guaranty of payment under which the guarantors were liable to the guarantees, and that defendant was not cut off

from any defenses he would have been entitled to make against such notes in the hands of the original payees and guarantors, Robert Burgess & Son. This being true, the testimony submitted by defendant in support of the allegation that the notes in question were obtained through fraud and false representation was admissible. We believe the issue of fraud was fairly submitted to the jury, and that the verdict of the jury is strongly supported by the evidence. Hence the judgment of the trial court is affirmed.

By the Court: It is so ordered.