## FIRST NAT. BANK OF DALTON, OHIO, v. CUMMINGS.

No. 8712—Opinion Filed March 26, 1918.

(171 Pac. 862.)

1. **Bills and Notes — Negotiability — Purchaser as "Indorsee—Defenses.**

When a payee of a negotiable promissory note transfers it by indorsing thereon, "For value received I hereby guarantee payment of the within at maturity, or any time thereafter, with interest at the rate of eight per cent. per annum until paid waiving demand, notice of nonpayment, and protest," the purchaser is an indorsee within the rule protecting an innocent purchaser of such paper in due course for value, and before maturity against defenses good between the original parties.

2. **Case Overruled.**

The case of Ireland et al. v. H. W. Floyd. 42 Okla. 609, 142 Pac. 401, L. R. A. 1915C, 661, is expressly overruled.

(Syllabus by Collier, C.)

Error from District Court, Major County; James B. Cullison, Judge.

Action by the First National Bank of Dalton, Ohio, against William L. Cummings. Judgment for defendant, and plaintiff brings error. Reversed and remanded, with instructions to set aside judgment and to grant a new trial.

C. B. Wood and D. H. Denman, for plaintiff in error.

Harry Randall, for defendant in error.

Opinion by COLLIER, C. This is an action brought by the plaintiff in error, hereinafter styled plaintiff, against the defendant in error, hereinafter styled defendant, and other persons who were not served, to recover upon a promissory note, which said note, and the indorsement thereon, is as follows, to wit:

"$400.00. Togo, Okla., Nov. 25, 1909. June 7, 1911, after date, for value received, we

jointly and severally promise to pay to Clyde E. Rudy or order four hundred and no/100 at the Cleo State Bank, with interest at 8 per cent. per annum, interest payable annually from date.

                "Oscar G. Peck.
                "William L. Cummings.
                "D. C. Cox.
                "Dan Robinson.
                "H. O. Shroyer."

Notary indorsement on face of note:

"Protested for nonpayment, June 10, 1911. J. E. Green, N. P. $2.00 $402.00 $402.00."

Indorsement on back of said note:

"For value received I hereby guarantee payment of the within at maturity, or any time thereafter, with interest at the rate of eight per cent. per annum until paid waiving demand, notice of nonpayment, and protest.

                "[Signed] Clyde S. Rudy."

The issues were tried between the plaintiff and defendant. The defendant, Cummings, filed an amended answer in which he admitted the execution of the note sued upon, but alleged that the note was secured by fraud and false representations. He also alleged that the note was given in part payment for a stallion, jointly purchased by a number of persons, and that it was agreed between the purchasers and the agent of the seller that each of the purchasers should give his separate note for his separate share in the enterprise, and that each should be liable for his own share only; that the note sued on was procured by an agent of the payee by coming to his house, lit up by a smoky old lantern, misrepresenting the contents of the note, reading the same incorrectly, and that by reason of failing eyesight and the smoky old lantern defendant could not see to read the note. A failure of guaranty in the sale of the stallion was also alleged, and evidence admitted tending to prove a breach of warranty in the sale of the stallion for which the note sued upon was given. The plaintiff replied and denied all the material allegations contained in the amended answer of the defendant. The note was introduced in evidence, and there was evidence that the bank purchased the note in good faith, in due course of business, for value, before maturity. Under the view we take of the case, we deem it unnecessary to set up the evidence of the defendant tending to support any of the equities set up by him in his amended answer.

Among other instructions, the court instructed the jury:

"No. 8. The jury is further instructed that the note in suit is nonnegotiable and that the plaintiff in this case took the note in suit from Clyde E. Rudy subject to all the equities and defenses against it, in favor of the defendant, that the defendant would have had if the note had remained in the hands of the said Rudy, and the fact that the note is nonnegotiable was notice to the plaintiff of such equities and defenses."

The defendant insists that the indorsement on the back of the note, "For value received, I hereby guarantee payment of the within at maturity, or at any time thereafter, with interest at the rate of eight per cent. per annum until paid, waiving demand, notice of nonpayment, and protest," is not such an indorsement as to shut out the equities of the original makers of the note.

If the note was nonnegotiable then it was subject in the hands of the plaintiff to the equities of the maker against the original payee, and such equities were a defense to this action. On the other hand, if the note was negotiable, the plaintiff acquired the same in good faith, in due course of business for value before maturity, and without notice of the equities of the defendant, the defendant could not avail himself in this action of the defenses attempted to be interposed by his amended answer. It therefore follows that the controlling question in the instant case is as to the negotiability of the note sued upon. The authorities are not in harmony upon this question.

In McNary et al. v. Farmers' Nat. Bank, 33 Okla. 1, 124 Pac. 286, 41 L. R. A. (N. S.) 1009, Ann. Cas. 1914B, 248, it is held:

"An indorsement on the back of a nonnegotiable promissory note, which reads: 'For value received I hereby guarantee the payment of the within note at maturity, or at any time thereafter, with interest at the rate of _____ per cent per annum until paid. Waiving demand, notice of nonpayment, and protest, as collateral'—signed by the payee, is sufficient to pass the title to the paper.'"

In the opinion in said case is the following from the opinion in Robinson v. Lair, 31 Iowa, 9:

"It is insisted that the writing, on the back of the note, as follows: 'For value received, we guarantee the payment of the within note, and hereby waive demand, and notice of nonpayment'—does not amount to an indorsement of the note, and does not express an intention to convey the title from payees to plaintiff. We confess ourselves unable to give effect to the contract of guaranty of payment, and waiver of demand and notice, if the payees still intend

to retain the title. The writing simply constitutes an indorsement, with an enlarged liability."

In the case of Kellogg v. Douglas Co. Bank, 58 Kan. 43, 48 Pac. 587, 62 Am. St. Rep. 596, the indorsement reads:

"For value received, we hereby guarantee payment of within note at maturity, waiving demand, protest, and notice of protest."

The court in said case said:

"The indorsement to the Chemical National Bank was sufficient. It was placed on the back of the note, and, while it was a guaranty of payment, it was also an indorsement of the note. The guaranty itself would be senseless and wholly inoperative, unless the note was transferred by the payee to a third party. Such indorsements are not at all uncommon. * * * This was both a guaranty and an indorsement, which passed a full title to the note."

Section 4682, Revised Laws 1910, reads:

"In the case of an assignment of a thing in action, the action of the assignee shall be without prejudice to any set-off or other defense now allowed; but this section shall not apply to negotiable bonds, promissory notes, or bills of exchange, transferred in good faith and upon good consideration; before due."

In G. S. Maddox v. M. Y. Duncan, Supreme Court of Missouri (Division No. 2) 143 Mo. 613, 45 S. W. 688, 41 L. R. A. 581, 65 Am. St. Rep. 678, it is held:

"One who writes on the back of a note an assignment with a guaranty of payment is an indorser."

In the notes of L. R. A. (volume C) (N. S.) 661, to the said case of Frank N. Ireland et al. v. H.W. Floyd, 42 Okla. 609, 142 Pac. 401, L. R. A. 1915C, 661, we find:

"As said in Hendrix v. Bauhard Bros., 138 Ga. 473, 43 L. R. A. (N. S.) 1028, 75 S. E. 588, Ann. Cas. 1913D, 688: 'On the subject of indorsements like the one here involved, there are two conflicting lines of authority. On the one hand it has been held by the Supreme Court of United States and some inferior federal courts and by the courts of two or three states, that an entry of a guaranty followed by the signature of the payee on the back of a note payable to order does not amount to such an indorsement as to carry title and cut off defenses existing against the payee. * * * The reasoning on which this class of cases is based is that the indorsement is not in blank, but is filled up: that it expresses fully the contract, and can raise no implication of another. Opposed to this view are the decisions in a very large number of states. Numerically, the latter class of decisions greatly preponderates, and we think the reasoning on which they are based

is sounder than that contained in the class first mentioned.' And accordingly it is held in this case that in indorsement, 'For value received, we hereby warrant the makers of this note financially good on execution,' written and signed by the payees one the back of a promissory note payable to order, which they have negotiated and delivered for value, is sufficient to transfer title to the note; and if made before maturity to a bona fide purchaser, without notice of any defense, he will be protected from all defenses which the maker may have, except those expressly allowed by statute."

In M. W. Dunham v. Peter L. Peterson et al., 5 N. D. 414, 67 N. W. 293, 36 L. R. A. 232, 57 Am. St. Rep. 556, it is held:

"When the payee of a negotiable promissory note transfers it by indorsing thereon a guaranty of payment, the purchaser is an indorsee, within the rule protecting an innocent purchaser of such paper for value, and before maturity, against defenses good between the original parties"

In said case of M. W. Dunham v. Peter L. Peterson et al., supra, the authorities pro and con upon the question of the negotiability of a promissory note, which has been indorsed as the note upon which this action is predicated, are gathered in the notes to said case, to which reference is made.

In Kellogg v. Douglas County Bank et al., 58 Kan. 43, 48 Pac. 587, 62 Am. St. Rep. 596, it is held:

"An indorsement made on the back of promissory note in the following language: 'For value received, we hereby guarantee payment of within note at maturity, waiving demand, protest, and notice of protest,' signed by the payee of the note, is a commercial indorsement as well as a guaranty of payment; and, the note being negotiable in form, is sufficient to pass a valid title to the paper and protect an innocent purchaser thereof."

In Mangold & Glandt Bank v. Utterback, 54 Okla. 655, 160 Pac. 713, L. R. A. 1917B, 364, it is held:

"When the payee of a negotiable promissory note transfers it by indorsing thereon: 'Payment guaranteed. Protests waived' —the purchaser is an 'indorsee,' within the rule protecting an innocent purchaser of such paper for value and before maturity against defenses good between the original parties."

In said last-named case Commissioner Matthews, in a well-considered opinion, cites many authorities upon the question at bar, and holds that notwithstanding the case of Ireland et al. v. Floyd, supra, that holds:

"The words 'For value received I hereby guarantee payment of the within note and waive demand and notice of protest on same when due,' written on the back of a note by the payee, do not constitute an indorsement and transfer in due course, but constitute a mere guaranty of payment. And the maker of such note is entitled to make the same defenses against same in the hands of the holder under such guaranty that he would be entitled to make if it were in the hands of the original payee" —is not the law, and indirectly overrules said case of Ireland et al. v. Floyd, supra.

While the holding in Ireland v. Floyd, supra, is supported by a respectable line of authorities, we think the weight of authority and the best reasoned cases are against the holding in said case, besides, regardless of what may have been held in other jurisdictions, the weight of authority in this jurisdiction (McNary et al. v. Farmers' Nat. Bank, supra, and Mangold & Glandt Bank v. Utterback, supra) is that, under the indorsement of the note here sued upon, the note was a negotiable note and the defense attempted to be interposed by the defendant could not legally defeat a recovery by the plaintiff, and the court committed reversible error in giving said instruction No. 8, which instructed the jury "that the note was nonnegotiable, and the defendant entitled to interpose his equities against a recovery thereon." The defendant not having interposed any legal defense to the action was entitled to judgment upon the note sued upon. The case of Ireland v. Floyd, supra, is hereby expressly overruled.

This cause is reversed and remanded, with instructions to the trial court to set aside the judgment rendered in favor of the defendant, and to grant a new trial.

By the Court: It is so ordered.