**DELK et al. v. CITY NAT. BANK OF DUNCAN.**

No. 10232—Opinion Filed March 21, 1922.

(Syllabus.)

**1. Contracts—Evidence—Language Controlling—Extrinsic Evidence.**

The language used in a contract is to govern its interpretation, and, if such language is clearly explicit and does not involve uncertainty, the words used are to be understood in their ordinary and proper sense, and, when the language is plain and unambiguous, extrinsic evidence as to its meaning is not admissible.

**2. Same.**

In the absence of fraud, accident, or mistake, parol evidence is not admissible to vary or contradict the expressed terms of a written contract. A plain and unambiguous contract leaves no room for construction. The courts will try to give a contract such construction as will make it certain, but cannot change its terms or make a new contract.

**3. Same—Contracts as to Patented Articles—Validity — Restraint of Trade — Evidence to Vary Contract.**

An examination of the contract introduced in the above-entitled case discloses that the same is not a contract in restraint of trade and void, and said contract is plain and unambiguous, and it was not error to refuse to permit the introduction of evidence to vary the express terms of said contract.

**4. Bills and Notes—Indorsement—Innocent Purchasers.**

Where a payee of a negotiable promissory note transfers it by indorsing thereon, "For value received I hereby guarantee payment of the within at maturity, or any time thereafter, with interest at the rate of eight per cent. per annum until paid, waiving demand, notice of nonpayment, and protest," the purchaser is an indorsee within the rule protecting an innocent purchaser of such paper in due course for value, and before maturity against defenses good between the original parties.

**5. Same—Notice of Defects—Mere Suspicion.**

Suspicion of defect of title, or the knowledge of circumstances which would excite such suspicion in the mind of a prudent man, or of circumstances sufficient to put him upon inquiry, will not defeat his title; that result can be produced only by bad faith on his part.

**6. Same—Notice of Executory Contract as Consideration.**

The general rule is that, where the consideration for a negotiable promissory note is an executory contract, knowledge of a transaction by a purchaser of said note in due course before maturity for value will not prevent a recovery by him in case of subsequent breach of the agreement by reason of failure and inability to carry out the contract.

Error from District Court, Stephens County; Cham Jones, Judge.

Action by the City National Bank of Duncan against W. E. Delk and another on notes. Judgment for plaintiff, and defendants bring error. Affirmed.

Bond, Melton & Melton and Sandlin, Winans & Lewis, for plaintiffs in error.

Womack & Brown, H. Grady Ross, and Bond & Kolb, for defendant in error.

McNEILL, J. The City National Bank of Duncan commenced this action against W. E. Delk and Clayton C. Delk to recover on two promissory notes of $150 each, executed by the Delks to W. H. Carver and by Carver indorsed to the plaintiff. The defendants filed an answer, admitting the execution of the notes, denying the notes were indorsed and delivered to the bank for a valuable consideration before maturity, and that the bank was the owner and holder thereof, but alleged said notes were transferred to the bank without consideration for the purposes of cheating and defrauding the defendants; that the indorsement on the notes did not constitute the bank a holder in due course, and the bank did not take the notes in good faith; that the consideration of said notes was the purchase of a patent right, and based on a contract in restraint of trade and void, and that the bank had knowledge of the character of said negotiations.

To this answer the plaintiff filed a reply which was a general denial. The notes are dated July 14, 1917, and it is undisputed that the bank purchased said notes on said date from Carver and discounted the same $2.50 each. The evidence discloses that Delks entered into a written contract with the Safety Furnace Company. The substance of the contract provided that the Safety Fur-

nace Company were the owners of the patent, and had made arrangements to manufacture furnaces, and agreed the furnaces manufactured should be in first class condition, and to ship furnaces f. o. b. cars at factory for $2.25 each or $27 per dozen, but would ship only in lots of one dozen. The contract further recites that the Delks had paid $300 as an advance payment of $6 per dozen on 50 dozen of said furnaces, and the company had delivered to the Delks an equal number of its refund certificates, each bearing the contract number, and of the value of $6 each, and upon delivery of a refund certificate and a final payment of $21 it would ship a dozen furnaces to the Delks. The contract further provided that the Delks would wholesale the furnaces in Pottawatomie county, and that the furnace company would hold for the use and benefit of the Delks 600 furnaces for 60 days, the same to be shipped upon their order in lots of not not less than one dozen at a time.

It was further provided that the agreement should embrace the entire contract and that there were no verbal provisions not contained therein. The contract is written on the stationery of the furnace company, and after its name and address and patent number there appear the words: "Retail $5.75, wholesale $45.00 per dozen or $3.75 each. Cash must accompany all orders." And then a bank reference, and then appear the words: "Special Wholesale Dealers Contract."

At the close of the evidence the plaintiff moved the court to direct the jury to return a verdict in favor of the plaintiff, which was sustained.

The defendants have appealed and for reversal contend, first, that the contract is in restraint of trade and void, and rely upon the case of Stewart v. Rawleigh Med. Co., 58 Okla. 344, 159 Pac. 1187, and cases cited therein. The contract in the instant case contains no such an agreement as the Rawleigh Medical Company contract, and does not contain any language that would bring it within contracts that are in restraint of trade, but it is a contract to sell 600 furnaces at $2.25 each, or $27 a dozen. Defendants, however, were limited to making sales in Pottawatomie county. Defendants offered to show that the words "retail $5.75" on the heading of the contract meant that the defendants were to retail the furnaces at that price, and that they had an oral agreement to that effect. The court refused this testimony, and correctly so, for the reason the contract was not ambiguous. The fact that

the contract was written on the company's stationery with the name of the company, its bank reference, the retail and wholesale price of the furnaces, did not make that any part of the contract.

This court, in the case of Romans v. Shannon, 80 Okla. 199, 195 Pac. 298, announced the rule as follows:

"The language used in a contract is to govern its interpretation, and, if such language is clearly explicit and does not involve uncertainty, the words used are to be understood in their ordinary and proper sense, and, when the language is plain and unambiguous, extrinsic evidence as to its meaning is not admissible."

"In the absence of fraud, accident, or mistake, parol evidence is not admissible to vary or contradict the expressed terms of a written contract. A plain and unambiguous contract leaves no room for construction. The courts will try to give a contract such construction as will make it certain, but cannot change its terms or make a new contract."

See Ozark States Trust Co. v. Winkler, 84 Okla. 7, 202 Pac. 12. We think there was no error in rejecting this testimony offered by defendants. The contract is unambiguous, and evidence cannot be introduced to change or vary its terms.

It is next contended that the indorsement upon the note was not sufficient to make the bank an innocent purchaser, but was simply a guarantee of payment. Plaintiffs in error rely upon the case of Ireland v. Floyd, 42 Okla. 609, 142 Pac. 401. The indorsement in this case was identical with the indorsement in that case. Plaintiffs in error's theory would be correct if the law announced in the case of Ireland v. Floyd, supra, were the law in this state, but the case of Ireland v Floyd, supra, was overruled by this court in the case of First Nat. Bank of Dalton, Ohio, v. Cummings, 69 Oklahoma, 171 Pac. 862.

It is next contended that the plaintiff was not a purchaser in good faith, but that it had knowledge of the circumstances surrounding Carver's selling these furnaces. The rule upon this question is stated in the cases of McPherrin v. Tittle, 36 Okla. 510, 129 Pac. 721, Conqueror Trust Co. v. Bayless Drug Co., 75 Okla. 288, 183 Pac. 419, and Southwestern Nat. Bank of Commerce of Kansas City v. Todd, 79 Okla. 263, 192 Pac. 1096. In the case of McPherrin v. Tittle, supra, this court stated as follows:

"Suspicion of defect of title or the knowledge of circumstances which would excite such suspicion in the mind of a prudent man.

or of circumstances sufficient to put him upon inquiry, will not defeat his title; that result can be produced only by bad faith on his part."

The evidence disclosed that the bank knew the Delks had made a contract regarding these furnaces, and that the consideration of the note was an executory contract regarding the sale of the furnaces. This court, in the case of Besse v. Morgan, 84 Okla. 203, 202 Pac. 1012, stated as follows:

"The general rule is that, where the consideration for a negotiable promissory note is an executory contract, knowledge of a transaction by a purchaser of said note in due course before maturity for value will not prevent a recovery by him in case of subsequent breach of the agreement by reason of failure and inability to carry out the contract." Producers' Nat. Bank v. Elrod 68 Oklahoma, 173 Pac. 659, L. R. A. 1918 F, 1016.

There was evidence that the furnace was not as good as represented, but this was insufficient as a defense. There was no evidence in the case to show that the bank or the officers acted in bad faith.

There being no reversible error in the record, the judgment of the court is affirmed.

PITCHFORD, V. C. J., and JOHNSON, ELTING, and NICHOLSON, JJ., concur.