MARTIN et al. v. HARPER et al.

No. 35518.    April 7, 1953.

*255 P. 2d 943.*

R. B. Holtzendorff, Oklahoma City, for plaintiffs in error.

Robinson, Shipp, Robertson & Barnes and T. Murray Robinson, Oklahoma City, for defendants in error.

WILLIAMS, J. Parties are referred to as in the trial court.

Plaintiffs sued defendants for money allegedly due under the terms of a certain contract. Said contract provided for the payment of "location damages" in the amount of $4,000 for each oil well drilled on the described 160 acres of land. There is no dispute as to meaning of the actual terms in the contract, as will be seen below, and it is therefore unnecessary to set it out here.

Certain obligors on the contract paid their share of the "location damages"; others refused to pay, and this suit was filed. Plaintiffs recovered judgment in the lower court, and defendants have duly appealed.

The sole question for our determination is the validity of the one assignment of error in defendants' brief, which is as follows:

"A valid order of the corporation commission limiting the drilling of one well to each 40 acres of a quarter section of land being in effect at the time the contract sued upon was entered into between the parties, became a part of said contract to the same extent as though such order was written into its terms, and the court erred in rendering judgment against defendants under said contract for wells number 5 and 6, inasmuch as the same was not contemplated by the parties at the time the contract was entered into and was contrary to the intention of the parties."

In this case, all obligors paid their shares of the "location damages" on the first four wells; but defendants herein refused to pay their share on the last two wells. The first four wells were drilled to the Hunton Lime; the last two were to the Bartlesville sand.

It is admitted that at the time the contract was entered into, there was in effect a valid order of the Corporation Commission providing for 40-acre spacing. Though said order is not in the record, it is also admitted that it applied only to wells drilled to the Hunton Lime, as is shown by the following:

"Mr. Holtzendorff: We have stipulated, have we not, that there was an order of the Corporation Commission in existence at the time of the execution of this agreement zoning and spacing the wells out there in 40-acre spacing? I have got it, it is Corporation Commission order No. 16510.

"Mr. Robinson: What date?

"Mr. Holtzendorff: Dated July 19, 1943: 40-acre spacing to the Hunton Lime."

We find it unnecessary to rule on defendant's assignment of error herein, for the reason that even if it were "a part of said contract", plaintiffs would still be entitled to collect $4,000 for each well drilled, provided only four wells were drilled to the Hunton Lime, there being in existence at that time no Corporation Commission order prohibiting or regulating the drilling of wells to other sources of supply at this particular place.

304

In passing, we take note of the fact that the actual "location damages" per well was considerably less than $4,000. In this connection, plaintiffs in the court below contend that thet contract was actually a sort of "contingent lease bonus" and that no payment was made for the lease other than the payments called for in the contract sued on.

With regard to the interpretation or construction of contracts, see Delk v. City National Bank of Duncan, 85 Okla. 238, 205 P. 753, wherein this court said:

" 'The language used in a contract is to govern its interpretation, and, if such language is clearly explicit and does not involve uncertainty, the words used are to be understood in their ordinary and proper sense, and, when the language is plain and unambiguous, extrinsic evidence as to its meaning is not admissible.' "

The language of the contract here sued upon is clear, explicit, and involves no uncertainty, and is plain and unambiguous; indeed, it is not urged otherwise. It was not by its terms restricted to the Hunton Lime or any other source of supply, but applied to all wells drilled on the described 160 acres of land.

The judgment of the trial court is affirmed.

